[S. F. No. 855.   Department One.—March 2, 1899.]

## GUSTAVE ALLSTEAD, Respondent, v. WILLIAM NICOL, Appellant.

VENDOR AND PURCHASER—EXCHANGE OF LAND—SPECIFIC PERFORMANCE—REMOVAL OF DEFECT IN TITLE.—It is no objection to a specific performance of a contract for the exchange of land that the abstract of title of one of the parties disclosed a defect in respect of an unredeemed tax sale, if such defect was removed within a reasonable time, and prior to the tender of a deed by such party.

ID.—COMPLETION OF TITLE—DELAY WITHOUT PREJUDICE.—Delay in the completion of title by a vendor, even when time is specified in the contract, is no bar to a specific performance, if the delay is sufficiently explained and excused, and was without prejudice to the other party, beyond the means of reparation.

ID.—FINDINGS—SUFFICIENCY OF EVIDENCE—SUPPLEMENTAL CONTRACT.—A finding that there was no supplemental contract between the parties is not overthrown by evidence that one of the parties proposed to examine the land of the other, as well as to have the abstract of title examined, to which the other did not object, in the absence of proof of an agreement that the trade was to depend upon the inspection of the land.

ID.—FAIRNESS OF AGREEMENT—ADEQUACY OF PRICE.—Where the evidence showed that the agreement for the exchange of lands was fair and reasonable and the properties were about of the same value, there is no ground for a discussion of the rule as to when inadequacy of price will prevent a specific performance.

ID.—DEFINITENESS OF DESCRIPTION—WAIVER OF OBJECTION—APPEAL.—Where the complaint described specifically the land agreed to be conveyed by the plaintiff, in exchange for the land of the

defendant, and the allegation is not denied, but the answer avers that the title of the land described was "not clear or good," and the case was tried with reference to the description, and it was found to be correct by the court, objection thereto for indefiniteness is waived, and cannot be urged upon appeal for the first time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion.

T. Z. Blakeman, for Appellant.

Stafford & Stafford, for Respondent.

CHIPMAN, C.—Specific performance. Plaintiff and defendant entered into the following written agreement, at San Francisco, on September 14, 1892: "Gustave Allstead and William Nicol agree to exchange property as follows: William Nicol deeds to G. Allstead five lots in gift map No. 3, viz., 1540, 1547, 1548, 1549, and 1550, in exchange for forty-five acres of land in Anderson, three-quarters of a mile from Anderson R. R. station, Shasta county. G. Allstead guarantees his title to be perfect, or no sale. William Nichol has an abstract ordered, for which G. Allstead pays twenty dollars, if title proved good. If title of William Nicol is defective, G. Allstead does not have to pay said twenty dollars. William Nicol reserves the right to make title good if it is defective, or annul the exchange. Wm. Nicol, in addition to the lots above, gives Allstead, if the trade goes through, Allstead's promissory note for twenty-five dollars." The court finds the particular description of the property agreed to be exchanged by the parties, and that on October 17, 1892, plaintiff made a written tender personally to defendant of a sufficient deed to the property of plaintiff, and a tender of the twenty dollars referred to in the agreement for the abstract, and also his acceptance and approval of defendant's title to the lots in San Francisco, and in the same paper demanded performance by defendant; that at the time of said tender defendant made no objection to the form of the deed or the title of the land of plaintiff, but defendant refused to carry out the agree-

ment of September 14th, and refused to accept plaintiff's deed; that said agreement was fairly entered into by the parties and was just, fair, and reasonable, and that plaintiff's property was of the value of one thousand dollars and defendant's property of the value of nine hundred dollars. In his answer defendant alleged that after the execution of the written contract it was agreed that defendant should visit plaintiff's land for purposes of inspection, and if not satisfied with it said written agreement should not be carried out. The court found this alleged modification not to be true. The court gave judgment for plaintiff, from which and from an order denying defendant's motion for a new trial this appeal is here.

1. Defendant claims that, as plaintiff guaranteed his title to be perfect or no sale, defendant, by the terms of the contract, "had the right to declare the trade off" when he found the title defective. It appears that the abstract of plaintiff's title disclosed an unredeemed tax sale for 1891 for the sum of twenty-three dollars and fifty-five cents. On October 6, 1892, plaintiff redeemed from the state, and when on October 17th he tendered his deed to defendant the title was perfect. Defendant testified that he got the abstract on September 20th, and that he told plaintiff he would have to submit it to examination and would also have to go and look at the land. He went to Anderson and returned September 24th, and when plaintiff called to see him he told plaintiff he would not take the land because the title was not good and because the land was not what it was represented to be. The latter of these reasons will be noticed hereafter. As to defendant's right, by the terms of the contract, "to declare the trade off" when he found a defect in the title, we find no clause in the agreement warranting such claim. Plaintiff gave a guaranty of good title, without which there was to be no sale; but plaintiff had a reasonable time within which to remove any defect which the abstract might reveal. He did this within twelve days after the abstract came into defendant's hands. The law upon this point is, that even when a time is specified in the contract for its completion and there is nothing special in its objects or in the subject matter, and the delay is sufficiently explained and excused, and the delay had not been in itself prejudicial to the other party be-

yond the means of reparation, specific performance will be decreed. The rule has gone so far in some cases as to hold that if the vendor is able to procure and give a good title at the time of the decree, even though he could not do so at the commencement of the suit, the doctrine of the equity court will be satisfied. (Pomeroy on Specific Performance, secs. 371, 375, 376, 421, and cases there cited.) The case before us is an ordinary one presenting no special features; and the evidence tends to show that defendant's real and persistent objection did not relate to the defect in the title, and nothing in the case shows the slightest injury or prejudice to defendant by the short lapse of time between the making of the contract and the tender of a perfect title.

2. Defendant attacks the finding that there was no agreement subsequent to the written contract, such as defendant alleged in the answer. Defendant's testimony does not support the alleged defense, conceding that he could change the written agreement by parol. He testified: "He (the plaintiff) told me his title was good and perfect. I was to be satisfied with the title. I got the abstract on September 20, 1892, and on that day I told Allstead that I would have to go and look at the land first, as well as have the abstract examined. He asked me when I would go, and I told him I would go at the end of the week." Plaintiff testified when asked on cross-examination what he said to defendant at this time: "I did not object to his going and seeing the land." This evidence is far from establishing a supplemental contract such as is alleged in the answer, or proving any contract at all. The evidence shows no agreement that the trade was to depend upon the result of this trip to Anderson. Nor was there any evidence tending to show that the agreement was not fair and reasonable. The evidence tended to show that plaintiff's land was worth twenty-five dollars or thirty dollars per acre, and that defendant's lots were worth twelve hundred dollars or thirteen hundred dollars. There is no allegation in the answer of fraud or misrepresentation by plaintiff, and the evidence tends to show that the properties were of about the same value. The evidence is not such as to invite a discussion of the rule as to when inadequacy of price will render specific performance impossible.

3. The only remaining point relied upon by defendant is that the contract is too indefinite to be enforced by a court of equity. The amended complaint described specifically the land to be conveyed by plaintiff. This allegation is not only not denied, but the answer avers that title to that particular land "was not clear or good"; the case was tried by that description, and it was found by the court as alleged in the complaint, and this finding is not attacked in the specification of errors. It is too late now for the first time to raise the point. We see no error in the record and advise that the judgment and order be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.