(August 30, 1923.)

W,ALTER BARNEY and MARY ANN BARNEY, Appellants, v. HENRY W. CURTIS and NANCY P. CURTIS, Respondents.

[218 Pac. 190.]

RESCISSION—CONTRACT TO SELL AND PURCHASE—DISTINGUISHED FROM OPTION TO PURCHASE—WATER RIGHT—ENCUMBRANCES—TENDER.

1.   Contract in this case examined and *held* to be an executory contract for the sale and purchase of real estate and not an option to purchase.

2.   The distinction between a contract to purchase and sell real estate and an option to purchase is that the contract to purchase and sell creates a mutual obligation on the one party to sell and on the other to purchase, while an option merely gives the right to purchase within a limited time without imposing any obligation to purchase.

3.   Under the facts of this case, where certain lands were contracted to be sold "together with water right appurtenant to said land from Big Lost River and James Creek with date of priority from May 1, 1885, and July 1, 1887," the purchasers were only entitled to such water right as was appurtenant to said lands at the time of the final payment of the purchase price and the delivery of the deed, and the fact that a third party in the meantime had commenced an action to quiet title to the water right involved did not create such a cloud or encumbrance thereon as would prevent the vendors from complying with their contract and conveying the premises and water right, free and clear of encumbrances, and the purchasers were not entitled to rescind therefor.

_____

Publisher's Note.

1.   Whether instrument for purchase of land is contract of sale or an option, see note in 3 A. L. R. 576.

4. In order to put the vendors in default and claim a rescission of the contract, the purchasers must be ready, willing and able to pay the balance of the purchase price and must offer to do so at the time demand is made for delivery of the deed.

APPEAL from the District Court of the Sixth Judicial District, for Butte County. Hon. F. J. Cowen, Judge.

Action to rescind contract of sale. Judgment for defendants. *Affirmed.*

Chase A. Clark and Solon B. Clark, for Appellants.

The action in the U. S. district court wherein the Utah Construction Co. is plaintiff and A. Aiken et al., defendants, involving the water rights to the premises in question, constituted an encumbrance of the land and water, agreed to be conveyed under the terms of the contract, in violation of the terms and conditions of said contract. (27 R. C. L., p. 449, par. 220; *Simon v. Vandeveer,* 155 N. Y. 377, 63 Am. St. 683, 49 N. E. 1043; *Miller v. Calvin Phillips & Co.,* 44 Wash. 226, 87 Pac. 264; *Kares v. Covell,* 180 Mass. 206, 91 Am. St. 271, 62 N. E. 244.)

The respondents—vendors—being unable to convey clear title at the time of performance under the terms of the contract, i. e., continuously from the time the contract was entered into, a tender of performance and demand for performance on the part of appellants—vendees—would be a vain and idle act and is not required by law. (*Marshall v. Gilster,* 34 Ida. 420, 201 Pac. 711; *Sutthoff v. Maruca,* 57 Wash. 102, 106 Pac. 632; *Burks v. Davies,* 85 Cal. 110, 20 Am. St. 213, 24 Pac. 613; *Goetz v. Walters,* 34 Minn. 241, 25 N. W. 404; *Backman v. Park,* 157 Cal. 607, 137 Am. St. 153, 108 Pac. 686; *Aurand v. Perry, T. L. & Imp. Co.,* 178 Iowa, 262, 159 N. W. 779; *McManus v. Patch,* 20 Cal. App. 479, 129 Pac. 613; *Sherwin v. Baxter,* 86 Kan. 730, 121 Pac. 1128; *Kreutzer v. Lynch,* 122 Wis. 474, 100 N. W. 887; *Nelson v. Chingren,* 132 Iowa, 383, 106 N. W. 936; *Kicks v. State Bank,* 12 N. D. 576, 98 N. W. 408; *Burk v. Schreiber,* 183 Mass. 35,

66 N. E. 411; *Smith v. Lewis,* 24 Conn. 624, 63 Am. Dec. 180; *Runkle v. Johnson,* 30 Ill. 328, 83 Am. Dec. 191.)

W. A. Brodhead and W. J. Lamme, for Respondents.

"A mere possibility or suspicion of a defect in the title is not sufficient to cause equity to refuse to compel a purchaser to accept it." (*Close v. Martin,* 208 Mass. 236, 94 N. E. 388; *Chauncey v. Leo Minister,* 172 Mass. 340, 52 N. E. 719; *Conley v. Finn,* 171 Mass. 70, 68 Am. St. 399, 50 N. E. 460; *Daniel v. Shaw,* 166 Mass. 582, 44 N. E. 991; *Cushing v. Spaulding,* 164 Mass. 287, 41 N. E. 297; *Methodist Episcopal Church v. Robinson,* 68 N. J. Eq. 431, 58 Atl. 1056; *A. S. Able Co. v. Fireman Ins. Co.,* 93 Md. 596, 49 Atl. 334.)

"The bare possibility that the title will prove defective is not sufficient." (*Atterbury v. Blair,* 244 Ill. 363, 135 Am. St. 342, 91 N. E. 475; *Wallenberg v. Rose,* 46 Or. 60, 78 Pac. 757.)

"The plaintiffs have neither alleged nor proved that they were ever ready, willing or able to perform their part of the contract, and have made no offer to perform or tender of purchase price." (*Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965; *Papesh v. Wagnon,* 29 Ida. 94, 157 Pac. 775.)

"In order to obtain rescission of a contract for the purchase of real estate for nonperformance by the vendor, the vendee must not only be without default, but able to show performance on his part or that he is in position to, and willing to, perform." (*Palmer v. Washington Sec. Inv. Co.,* 43 Wash. 451, 86 Pac. 640; *Garberino v. Roberts,* 109 Cal. 125, 41 Pac. 857; *Joyce v. Shaffer,* 97 Cal. 335, 32 Pac. 320; *Poheim v. Myers,* 9 Cal. App. 31, 98 Pac. 65; *Hanson v. Fox,* 155 Cal. 106, 132 Am. St. 72, 99 Pac. 489, 20 L. R. A., N. S., 338; *Foxley v. Rich,* 35 Utah, 162, 99 Pac. 666; 2 Black R. & C., sec. 565, p. 1330.)

BUDGE, C. J.—On May 4, 1920, appellants and respondents entered into a written contract for the sale and purchase of certain lands in Butte county, which lands were therein described, "together with water right appurtenant

to said land from Big Lost River and James Creek with date of priority from May 1, 1885 and July 1, 1887." The purchase price was $11,150, which was to be paid as follows: $2,000 upon the execution of the contract, $1,500 on or before December 1, 1920, and $1,000 on or before the first day of December each year thereafter up to and including December 1, 1927, and a final payment of $650 on or before the first day of December, 1928, such deferred payments bearing interest at the rate of eight per cent per annum. The contract provided that possession of the premises was to be given immediately and also recited that:

"The said vendors have contemporaneously herewith executed and deposited, in escrow, with the Bank of Commerce, at Arco, Idaho, a good and sufficient warranty deed conveying the title to said property to vendee and his wife, Mary Ann Barney, free and clear of encumbrances. Said deed to be delivered to vendee upon said vendee paying and depositing to the credit of vendor, Henry W. Curtis, in said Bank of Commerce, the payments, at the time and in the manner hereinbefore specified."

In accordance with the terms of the contract the initial payment of $2,000 was made, appellants were given possession of the premises and the deed was deposited in the bank.

In June, 1920, an action was commenced in the United States district court for the district of Idaho, eastern division, by the Utah Construction Company against A. Aiken and others, the defendants being practically all of the water users of Big Lost River and its tributaries, the purpose of the action being to quiet title to the waters of Big Lost River and its tributaries. This action involved the water right appurtenant to the premises covered by the contract of sale and respondent, Henry W. Curtis, was made a party defendant to the action.

On July 10, 1920, appellants commenced this action to rescind the above-mentioned contract, setting forth two causes of action, the first being upon the ground of fraudulent misrepresentations inducing the contract of sale, the second being upon the ground that the action in the United States dis-

trict court created a cloud upon the title to the premises and water right in question and thereby precluded respondents from complying with the terms of the contract.

The process in the action pending in the United States district court was not issued until July 28, 1920.

The present action was tried to the court sitting without a jury. Judgment was awarded in favor of respondents upon both causes of action, from which judgment this appeal is prosecuted.

Appellants have abandoned their first cause of action and are here relying for a reversal upon errors alleged to have been committed by the trial court in holding adversely to them upon their second cause of action.

Under the errors assigned questions of law only are involved. The facts are not in dispute. It is contended by appellant, first, that the action in the United States district court constituted a cloud or encumbrance upon the title to the land and water right contracted to be conveyed and in violation of the terms and conditions of the contract, and, second, that the court erred in holding that, as a condition precedent to appellant's right to recover they must allege and prove that they were ready, willing and able to perform and also allege and prove payment or tender of payment of the balance of the purchase price.

The theory upon which appellants' contention is based is that the contract is an option to purchase and not an executory contract of sale. A reading of the contract convinces us that this theory cannot be maintained. This is an executory contract of sale. The distinction between a contract to purchase and sell real estate and an option to purchase is that the contract to purchase and sell creates a mutual obligation on the one party to sell and on the other to purchase, while an option merely gives the right to purchase within a limited time without imposing any obligation to purchase. (29 Am. & Eng. Ency. of Law, 2d. ed., 606.)

Respondents contracted to sell the premises in question "together with water right appurtenant to said land from Big Lost River and James Creek with date of priority from

May 1, 1885 and July 1, 1887,'' by a good and sufficient warranty deed, free and clear of encumbrances, and the deed was to be delivered upon the payment of the final instalment of the purchase price. We do not think that a correct interpretation of this clause of the contract warrants the conclusion that the mere institution of an action by the Utah Construction Company against respondent and others would create such an encumbrance as would justify a rescission of the contract. But, even conceding for the sake of argument, that a cloud was created by the filing of such action, the contract specifically provides that the deed of conveyance was ''to be delivered to the vendee upon said vendee paying and depositing to the credit of vendor, Henry W. Curtis, in said Bank of Commerce, the payments at the time and in the manner hereinbefore specified.'' The right to the delivery of the deed depended upon the vendees making payment to the vendors or depositing to their credit the balance due upon the purchase price. It is conceded that appellants neither alleged nor proved that they had complied with the terms of the contract in this respect, or that they were ready, able or willing to do so, or that a tender of the balance of the purchase price had been made. Appellants insist that since the vendors, contemporaneously with the execution of the contract deposited in escrow a deed wherein it is stipulated that they had a good and sufficient title to the property free and clear of encumbrance, it was necessary at all times that the title to the property should be kept in that condition. We think this contention is too technical. It is based upon the fact that the right to make payment of the balance of the purchase price was optional with the vendees and they might wait nine years to make the final payment and take up the deed.

If the vendors were in a position to comply with the terms of their contract upon the payment or tender of payment by the vendees and a demand for the deed, this would be a sufficient compliance with the terms of their contract and they could not be put in default until the concurrent condition, to wit: payment or tender of payment of the balance of the

purchase price, had been complied with by the vendees. (*Allstead v. Nicol,* 123 Cal. 594, 56 Pac. 452.)

As was said in the case of *Frink v. Thomas,* 20 Or. 265, 269, 25 Pac. 717, 719, 12 L. R. A. 239:

"As a general rule, a party who asks for the rescission of a contract for the sale of real estate must be himself without fault, and when, as in this case, the payment of the purchase money and the making or tender of the deed are to occur simultaneously, they are regarded as mutual and concurrent acts, which disable either party from putting an end to the contract, without performance or a valid offer to perform on his part, and so far as the question of time is concerned, both parties, after the day provided for the consummation may be considered equally in default, and neither can hold himself discharged from the obligation of complete performance, until he has tendered performance on his own side and demanded it on the other."

In the case of *Ward v. James,* 84 Or. 375, 164 Pac. 370, it is held:

"In order to put the vendor in default and claim a rescission of the contract, the purchaser must be ready to pay the entire purchase price, must offer to do so, and demand a deed."

In the instant case a deed was executed by respondents and left in escrow to be delivered to the vendees upon the payment of the balance of the purchase price. Respondents were given no notice of the defect in the title and no opportunity to correct it. Had demand been made for the deed and a tender of the balance of the purchase price made, the vendors may have been in a position to have had the action immediately dismissed as to them and if there was a cloud upon the title to have removed it.

From what has been said it follows that the judgment of the trial court must be affirmed and it is so ordered. Costs are awarded to respondents.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.