510 P.2d 480

Jack **INGLE** et al., Plaintiffs-Respondents,

v.

Neal H. **PERKINS** and Lavine R. Perkins, husband and wife, Defendants-Appellants.

No. 11145.

Supreme Court of Idaho.

May 25, 1973.

Roberts, Poole & Robson, Boise, for defendants-appellants.

Perce Hall, Mountain Home, for plaintiffs-respondents.

McQUADE, Justice.

On May 12, 1966, appellants Neal H. and Lavina R. Perkins and respondents Jack and Flossie J. Ingle entered into a written agreement entitled, "Option to Purchase Real Property." This document recited that for consideration of $10,000 (a promissory note secured by a chattel mortgage on certain cattle) the respondents granted the appellants an option to purchase certain described property for the sum of

$260,000. The promissory note for $10,000, described in the May 12 option document, was executed on May 15, 1966, and the chattel mortgage securing this note was executed on May 27, 1966. The $10,000 sum was payable on or before February 1, 1967, and the note, which has not been paid, provided for recovery of attorney fees in case court action was necessary.

Also on May 12, 1966, the parties entered into a pasturing agreement. Later that year, pursuant to the agreement, about 500 head of appellants' cattle were placed on respondents' land. To circumvent the Bureau of Land Management rules, the appellants branded their cattle with respondents' brand. All of these cattle were sold by appellants in February of 1967, after appellants altered a bill of sale for thirteen head of cattle so it appeared to cover all the cattle in question. Since these cattle comprised the security for the $10,000 promissory note, the respondents were thus deprived of that security.

During this period of time appellant Neal Perkins lost some cattle in a fire and experienced the default of a debtor obligation. In September of 1966, this news of financial distress was communicated by appellants to respondents' real estate broker with the suggestion to relist the property for sale in case appellants were unable to perform. In January of 1967, the respondents gave notice to Perkins that he would have until April 1, 1967, rather than until February 1, 1967, to exercise the option. The option was not exercised by April 1, and the property was sold to another party.

Respondents then brought this action to recover on the promissory note under the option agreement and to recover a balance owing on the pasturing agreement. The district court granted judgment on the note to respondents, but denied any relief regarding the cattle grazing agreement due to violation of Bureau of Land Manage-

ment and United States Forest Service Regulations.

On this appeal, appellants claim that it was error to enter judgment on the promissory note and attorney fees in favor of respondents. Appellants assign error to the failure to find the option void due to its connection with the illegal pasturing agreement. Appellants further claim that respondents had a duty to foreclose the chattel mortgage before bringing the action, and that there was insufficient description of the property to be sold under the option. Other alleged errors included the failure to find the $10,000 note a forfeiture and penalty and the failure to admit evidence that the property was sold at a more favorable price than set forth in the option. After oral argument before this Court, respondents made a motion for reasonable attorney fees for defending the appeal.

As appellants point out, the general rule is that no relief will be granted to either party to an unlawful contract.[1] In this case, however, there is no necessity to rely upon the illegal provisions of the pasturing agreement to enforce the option contract provisions.[2] The pasturing agreement and the option agreement are severable and are supported by distinct consideration, thus making the option agreement enforceable even though the pasturing agreement was illegal.[3] The two agreements involved here each recited separate and distinct monetary consideration.

It is argued that the chattel mortgage was the primary security for the debt here and that a deficiency judgment action was not proper until the security was exhausted through foreclosure proceedings. Since the actions in this case occurred prior to December 31, 1967, the foreclosure aspects of the case are governed by I.C. § 6–101 as it read before the 1967 amendment removing personal property from its

---

1. Wheaton v. Ramsey, 92 Idaho 33, 436 P.2d 248 (1968); Hancock v. Elkington, 67 Idaho 542, 186 P.2d 494 (1947).

2. See Hill v. Schultz, 71 Idaho 145, 149, 227 P.2d 586 (1951).

3. *Id.; see also* Durant v. Snyder, 65 Idaho 678, 151 P.2d 776 (1944); Vancil v. Anderson, 71 Idaho 95, 227 P.2d 74 (1951).

provisions.[4] The cattle comprising the security in this case were sold by appellants in February of 1967 after appellants altered a bill of sale so it appeared to cover all the cattle in question. Since the security was thus made valueless by the mortgagor, an independent action on the note was not precluded.[5]

■ The option agreement involved in this case was for value ($10,000 promissory note) and constituted an irrevocable offer by the optionor for a period ending on February 1, 1967. This option period was later extended until April 1, 1967. The option states:

"[T]he Owners hereby convenant, promise and agree that this offer to sell shall be and remain a continuing offer to and including the 1st day of February, 1967, and that the optionees shall have the sole and singular option of accepting this offer at any time on or after January 1, 1967, but on or before the 1st day of February, 1967."

A later clause in the same option states:
"If the optionees fail to so exercise their right of option, they will automatically forfeit the option money."

Thus, the $10,000 note at issue in this case was consideration for an option to purchase real property, not damages amounting to a penalty. The agreement involved here was an option and not a contract to sell and purchase real estate. In Barney v. Curtis [6] this Court stated:

"The distinction between a contract to purchase and sell real estate and an option to purchase is that the contract to purchase and sell creates a mutual obligation on the one party to sell and on the other to purchase, while an option merely gives the right to purchase within a limited time without imposing any obligation to purchase."[7]

The option to purchase real property involved in this case described approximately 5,389.3 acres in Elmore County with reasonable certainty.

■ Appellants argue that it was error to refuse evidence regarding the sale of the property in question at a more favorable price immediately following the option expiration. This was not error since the issue was the consideration for the option, not damages for breach of a real estate sales contract.

■ We consider finally the motion of respondents for attorney's fees on appeal. Respondents duly filed and served the motion for attorney's fees in defending this appeal. The promissory note provides for reasonable attorney's fees in the event suit be brought to enforce the note.[8] Respondents are entitled to fees for the services of their attorney in defending this appeal.[9] It is adjudged that $750 is a reasonable fee to be allowed on this appeal. It is therefore ordered upon remittitur, judgment in respondents' favor be amended by the addition thereto of the sum of $750.

Judgment in all other respects is affirmed. Costs to respondents.

DONALDSON, C. J., and SHEPARD, McFADDEN and BAKES, JJ., concur.

---

4. I.C. § 6–101 read in part:
"*Proceedings in foreclosure—Effect of foreclosure on holder of unrecorded lien.*— There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter."

5. Edminster v. Van Eaton, 57 Idaho 115, 63 P.2d 154, 108 A.L.R. 393 (1936).

6. 37 Idaho 742, 218 P. 190 (1923).

7. *Id.*, 37 Idaho at 746, 218 P. 190 at 192.

8. The promissory note provided:
"In case suit is instituted to collect this note or any portion thereof we, or either of us, promise to pay, besides the costs and disbursements allowed by law, such additional sum as may by the court be adjudged reasonable as attorney's fees in said suit."

9. See Vaughn v. Vaughn, 91 Idaho 544, 548, 428 P.2d 50 (1967).