## No. 28144

**The People of the State of Colorado v. Anthony Joseph Lipinski**

(580 P.2d 1243)

Decided July 3, 1978.                    Rehearing denied July 31, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Sharon S. Metcalf, Assistant, for plaintiff-appellee.

John A. Purvis, Acting State Public Defender, Craig L. Truman, Chief Deputy, Ilene P. Buchalter, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The appellant, Anthony Joseph Lipinski, appeals the denial of his Crim. P. 35(a) motion to correct an allegedly illegal sentence. We affirm.

Pursuant to a plea bargain, appellant pled guilty to a second degree burglary charge. At the providency hearing, prior to acceptance of appellant's plea, the trial court informed him that he would be subject to the statutory determinate minimum sentence due to his prior conviction of a felony within five years. Section 16-11-101(1)(d), C.R.S. 1973 (1976 Supp.).[1] Nevertheless, the appellant persisted in his plea of guilty.

At the sentencing hearing, appellant's counsel admitted that the court's summary of appellant's criminal record was correct and the appellant responded to one question concerning whether or not he had served time on his prior offenses. A presentence report showed two prior felonies but no authenticated copy of these former convictions was given to the court. The trial court sentenced appellant to a term of three to eight years in the Colorado State Reformatory.

---

[1] The statute states in pertinent part:

"(1) Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence:

. . . .

"(d) A person who has been previously convicted of a felony in this state or in another jurisdiction, based upon an offense which occurred within five years prior to the date of the offense for which he is being sentenced, shall not be eligible for an indeterminate sentence, notwithstanding the institution to which he is sentenced . . . if a class 4 felony, the authorized minimum sentence shall be not less than two years imprisonment. . . ."

■ Appellant claims that section 16-11-101(1)(d), C.R.S. 1973 (1976 Supp.) is a sentence enhancer and as such is unconstitutional because it does not provide appropriate procedural safeguards. We have recently reviewed and rejected similar claims. *People v. Smith,* 195 Colo. 404, 579 P.2d 1129 (1978); *People v. Protsman,* 196 Colo. 48, 580 P.2d 1242 (1978). We adhere to the position set forth therein.

■ In addition, appellant claims that the imposition of a determinate sentence was not proper because the prosecution did not prove a prior felony conviction by duly authenticated records. While the proper practice, ordinarily, requires the prosecutor to tender authenticated records of prior convictions to the court, here the appellant does not claim that his criminal record as summarized by the judge was incorrect nor does he allege any other prejudice by this failure to tender such records.

Appellant's counsel admitted, in apellant's presence, that the court's summary of appellant's criminal record was correct and appellant entered into the discussion by responding to a question from the trial judge as to these prior offenses. Under these circumstances, we find the showing of a prior conviction to be sufficient for purposes of section 16-11-101(1)(d), C.R.S. 1973 (1976 Supp.). *See Hackett v. Tinsley,* 143 Colo. 203, 352 P.2d 799, *cert. denied,* 364 U.S. 874, 81 S.Ct. 118, 5 L.Ed.2d 96 (1961).

The judgment is affirmed.

MR. JUSTICE HODGES does not participate.