MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
The appellant, Eugene Albert Protsman, appeals the denial of his Crim. P. 35(a) motion to correct an allegedly illegal sentence. We affirm.
Appellant was originally charged with seven counts of second degree forgery, a class 4 felony. He pled guilty to count one and the remainder were nolle pros sed.
At the providency hearing the district attorney tendered to the court an authenticated copy of a former felony conviction of appellant. The trial judge advised the appellant that, pursuant to section 16-11-101(1) (d), C.R.S. 1973 (1976 Supp.),[1] his prior felony conviction could affect his sentence. Appellant’s counsel objected to the application of this statute. Nevertheless, the appellant persisted in his plea of guilty, and this plea was accepted by the trial court.
At the sentencing hearing, after hearing further argument as to the applicability of section 16-11-101(1) (d), the trial judge sentenced appellant to a term of not less than 4 years nor more than 8 years.
*50 Appellant contends that section 16-11 -101 (1) (d) is a punishment enhancer and, as such, is unconstitutional. He claims that since the section is a punishment enhancer, it denies him due process of law by failing to provide procedural safeguards such as notice and it denies him equal protection of the laws by its failure to provide the same procedures as are required in the Colorado Habitual Criminal Act. See, section 16-13-103, C.R.S. 1973.
We have recently reviewed and rejected similar claims. People v. Smith, 195 Colo. 404, 579 P.2d 1129. In Smith we stated that section 16-11-101(1) (d) is not a punishment enhancer but “merely forbids an indeterminate sentence to a defendant with a prior felony conviction.” (Emphasis in original.) We adhere to this position.
The judgment is affirmed.
MR. JUSTICE HODGES does not participate.

 The statute states in pertinent part:
“(1) Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence:
“(d) A person who has been previously convicted of a felony in this state or in another jurisdiction, based upon an offense which occurred within five years prior to the date of the offense for which he is being sentenced, shall not be eligible for an indeterminate sentence, notwithstanding the institution to which he is sentenced ... if a class 4 felony, the authorized minimum sentence shall be not less than two years imprisonment. . . .”