**No. 80SA23**

**The People of the State of Colorado v. David N. Steelman, III**

(613 P.2d 334)

Decided June 30, 1980.

Nolan L. Brown, District Attorney, Frederick B. Skillern, Deputy, Robert Ruddy, Deputy, for plaintiff-appellee.

L. Gary Hebenstreit, for defendant-appellant.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This appeal involves issues arising out of a Crim. P. 11 providency hearing and a subsequent denial of relief under the provisions of Crim. P. 35(b). We affirm.

David N. Steelman III was charged with fraud by check. *See* section 18-5-205, C.R.S. 1973 (now in 1978 Repl. Vol. 8). Plea negotiations resulted in a plea of guilty and the dismissal of ten other "bad check" charges which were pending in Boulder, Adams, and Arapahoe Counties.

At the providency hearing the defendant was represented by the public defender, who he now asserts was incompetent. The defendant stated at that hearing that he had completed four years of law school. The record does not support a claim of ineffective assistance of counsel. *See People v. White,* 182 Colo. 417, 514 P.2d 69 (1973). *See also People v. Blalock,* 197 Colo. 320, 592 P.2d 406 (1979); W. Erickson, *Standards of Competency for Defense Counsel in a Criminal Case,* 17 Amer. Crim. L. Rev. 233 (1979). Moreover, the providency hearing, which was conducted in connection with the approval of the plea agreement and the acceptance of the plea of guilty, was sufficient. No ritual is required and the record shows that the defendant was fully advised of the consequences of his plea. *See People v. Keenan,* 185 Colo. 317, 524 P.2d 604 (1974). All that is necessary is that the elements of the charge be explained in terms that are understandable to the defendant. *People v. Gleason,* 180 Colo. 71, 502 P.2d 69 (1972). *See also People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974).

At the providency hearing the defendant was advised that he was pleading guilty to a class 4 felony and that section 16-11-101(1)(d), C.R.S. 1973 (now in 1978 Repl. Vol. 8) required the imposition of a minimum sentence of two years. The only question at the time was whether the defendant's prior felony convictions were committed within the last five

years. It is clear that the defendant was convicted of a felony in Alaska within the last five years.

Prior to the sentencing hearing, an extended presentence investigation report was prepared, which included the defendant's lengthy criminal record. The report showed that the defendant was convicted of a felony in Alaska on September 9, 1976. *See Colo. Const.* art. 18, § 4. *See also People v. Godding*, 55 Colo. 579, 136 P. 1011 (1913). Before sentence was imposed, the trial judge granted the defendant the right to allocution. In his statement to the court, the defendant admitted that he had been convicted in Alaska within five years, and said that he had served six months at the State Correctional Center in Anchorage, Alaska. He also informed the court that the sentence imposed in Alaska was to the Division of Corrections for a term of three to five years and was conditioned on five years probation.

■ The defendant now claims that the legislature repealed section 16-11-101(1)(d), C.R.S. 1973 and that the repeal vitiates his sentence. He bases his argument for post-conviction relief on section 18-1-410(1)(f)(I), C.R.S. 1973 (now in 1978 Repl. Vol. 8), which grants the right to post-conviction relief when a significant change in the law occurs. We do not agree. The effective date of the repeal of section 16-11-101(1)(d), C.R.S. 1973, was July 1, 1979, more than three months after the defendant was sentenced. Colo. Sess. Laws 1978, ch. 157, sec. 25 at 672. The repeal of the statute does not have retrospective application. *Perea v. District Court*, 199 Colo. 27, 604 P.2d 25 (1979). In our view, the repeal did not entitle the defendant to relief under section 18-1-410(1)(f)(I).

In imposing a sentence of five to ten years imprisonment, the trial judge did not exceed his statutory authority. The sentence imposed was proper and the defendant's motion for post-conviction relief was accordingly denied. *See People v. Lipinski*, 196 Colo. 50, 580 P.2d 1243 (1978).

The defendant's remaining claim relates to an asserted error that was committed when the trial judge denied him the right to withdraw his plea of guilty after sentence was imposed. We find the contention to be totally without merit when considered in the light of the record which is before us.

Accordingly, we affirm.

JUSTICE DUBOFSKY does not participate.