The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Jose Gilberto TRUJILLO,
Defendant-Appellant.

No. 80 SA 121.

Supreme Court of Colorado,
En Banc.

June 15, 1981.

Rehearing Denied Aug. 4, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Maureen Phelan, Clement P. Engle, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

DUBOFSKY, Justice.

The defendant, Jose Gilberto Trujillo, appeals[1] a district court order denying his Crim.P. 35(a) motion requesting that his sentence of three to five years be corrected to an indeterminate sentence because he had not been convicted of a felony before he committed the crimes for which the sentence at issue here was imposed. We affirm the district court's denial of the motion.

On March 9, 1979, a jury convicted the defendant of felony menacing, a class 5 felony,[2] and criminal mischief resulting in

1. This case was transferred from the court of appeals because the defendant questioned the constitutionality of H.B. 1589. Section 13–4–102(1)(b), C.R.S. 1973.

2. Section 18–3–206, C.R.S. 1973 (1978 Repl. Vol. 8).

damage of $100 or more to personal property of another, a class 4 felony.[3] The convictions arose from an incident which occurred in Delta, Colorado on March 29, 1978. On March 14, 1979, the trial court sentenced the defendant to concurrent terms of three to five years on each count, to run consecutively to a sentence imposed by the same trial judge on December 18, 1978, for an offense committed on March 16, 1978.

The defendant contends that he should have been sentenced under section 16–11–101(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8),[4] which provides:

> "(b) . . . In class 4 and class 5 felonies, no minimum sentence to imprisonment shall be entered except as otherwise expressly provided by a statute requiring a mandatory minimum sentence for certain class 4 or class 5 felonies. In class 4 and class 5 felonies in which no mandatory minimum sentence is required, the court shall impose only a maximum sentence to imprisonment . . . ."

The trial court refused to enter an indeterminate sentence because section 16–11–101(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8)[5] provides:

> "*A person who has been previously convicted of a felony* in this state or in another jurisdiction, *based upon an offense which occurred within five years prior to the date of the offense for which he is being sentenced, shall not be eligible for an indeterminate sentence.* . . . If the offense for which he is being sentenced is a class 5 felony, the authorized minimum sentence shall be not less than one year imprisonment, and, if a class 4 felony, the authorized minimum sentence shall be not less than two years imprisonment."

(Emphasis added.) The trial court reasoned that the defendant's November 28, 1978 conviction of three felonies which occurred on March 16, 1978, resulted in his ineligibili-

ty for an indeterminate sentence under section 16–11–101(1)(d).

The defendant argues that section 16–11–101(1)(d) should be read to require *conviction* for the first offense before *commission* of the second offense in order to effectuate the statutory purpose of deterring an individual convicted of a felony from committing further offenses. The defendant relies primarily on our decision in *People v. Nees*, Colo., 615 P.2d 690 (1980). There, we held that it was improper for a trial court to sentence a defendant as a habitual criminal on the basis of convictions sustained after the commission of the underlying crime. The relevant statute in *Nees*, section 16–13–101, C.R.S. 1973 (1978 Repl. Vol. 8, current version in 1980 Supp.), provides:

> "(1) Every person convicted in this state of any felony for which the maximum penalty prescribed by law exceeds five years who, within ten years of the date of the commission of the said offense, has been twice previously convicted upon charges separately brought and tried, either in this state or elsewhere, of a felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed within this state, would be a felony shall be adjudged an habitual criminal and shall be punished by confinement in the state penitentiary for a term of not less than twenty-five years nor more than fifty years."

In *Nees*, we ruled that this penalty enhancement provision applied only to a defendant who had been twice *convicted* within ten years before commission of the subject offense. *Id.* at 693. Our holding rested on the policy, recognized in a majority of jurisdictions, that habitual criminal penalty enhancement is intended to punish repeat offenders after the offender has experienced the salutary discipline of the prior convictions. We need not extend our ruling

---

3. Section. 18–4–501, C.R.S. 1973 (1978 Repl. Vol. 8).

4. Section 16–11–101(1)(b) was amended, effective July 1, 1979 to remove the provision authorizing indeterminate sentences.

5. Section 16–11–101(1)(d) was repealed, effective July 1, 1979.

in *Nees* to indeterminate sentences under section 16–11–101(1)(b) for two reasons: first, the language in the habitual criminal statute differs significantly from the language of the indeterminate sentencing statute; second, the indeterminate sentencing statute does not create a separate status offense.

 The wording of section 16–13–101 ties prior felony "convictions" to habitual criminal liability. By comparison, section 16–11–101(1)(d) provides that as long as the first offense occurs before the second offense, the trial court has no jurisdiction to enter an indeterminate sentence for the second offense if the defendant had been convicted of the first offense when the sentence for the second offense is imposed. Clearly expressed legislative intent must be given effect. *People in the interest of Maddox v. District Court*, 198 Colo. 208, 597 P.2d 573 (1979); *Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979); *People v. Meyers*, 182 Colo. 21, 510 P.2d 430 (1973).

 In contrast to the habitual criminal statute, section 16–11–101(1)(d) does not create a separate status offense requiring punishment for that status. *See People v. Smith*, 195 Colo. 404, 579 P.2d 1129 (1978);[6] *People v. Protsman*, 196 Colo. 48, 580 P.2d 1242 (1978) (section 16–11–101(1)(d) "merely forbids an *indeterminate* sentence to a defendant with a prior felony conviction." (Emphasis in original.))

 It is the General Assembly's prerogative to define crimes and prescribe punishments; the courts have no jurisdiction to impose sentences not in accord with the minimum and maximum terms specified by statute. *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978); *People v. Weber*, Colo., 604 P.2d 30 (1979). The district court correctly refused to impose an indeterminate sentence here.

The defendant also argues that he is entitled to be resentenced under the presumptive sentencing provisions of either the 1977 version of House Bill 1589, Colo.Sess. Laws 1977, Ch. 216, 18–1–105 at 867, or the 1979 version of House Bill 1589, codified in section 18–1–105, C.R.S. 1973 (1980 Supp. to 1978 Repl. Vol. 8). The arguments advanced by the defendant have been resolved adversely to him in *People v. McKenna*, Colo., 611 P.2d 574 (1980), and we continue to adhere to that decision. *See, e. g., People v. Moody*, Colo., 630 P.2d 74 (1981).

Judgment affirmed.

**6.** The defendant in *People v. Smith* contended that section 16–11–101(1)(d) was a punishment enhancer and therefore unconstitutional because it did not provide procedural safeguards including the right to notice of the charge, the right to confront accusers and the right to have a jury determine his status as a repeat offender, which are provided under the Colorado habitual criminal act, section 16–13–103. After concluding that section 16–11–101(1)(d) was not a penalty enhancement statute, we said that the "General Assembly's decision to enact section 16–11–101(1)(d) without procedures similar to section 16–13–103 indicates its intent not to conform this statute to the requirements of the Habitual Criminal Act. This it had the right to do." *People v. Smith, supra*, 579 P.2d at 1131.