The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

James Edward HALL,
Defendant-Appellant.

No. 81CA0265.

Colorado Court of Appeals,
Div. II.

Aug. 9, 1984.

Rehearing Denied Sept. 27, 1984.

Certiorari Denied March 25, 1985.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Clement P. Engle, Asst.
Atty. Gen., Denver, for plaintiff-appellee.

Steven Janssen, Boulder, for defendant-appellant.

BERMAN, Judge.

Defendant, James Edward Hall, appeals a trial court order denying his Crim.P. 35(c) motion to vacate his convictions, entered upon pleas of guilty of first degree sexual assault and second degree assault. In a previous ruling, we set aside the order because the trial court had summarily denied the motion without making any findings, and we remanded the cause to the trial court with instructions that the court determine the issues and enter findings of fact and conclusions of law thereon. *People v. Hall* (Colo.App. No. 81CA0265, May 20, 1982) (not selected for official publication).

On remand, on June 15, 1983, after an extensive evidentiary hearing, the trial court orally made rather lengthy findings of fact and conclusions of law supporting its order denying defendant's Crim.P. 35(c) motion. Defendant once again appeals the denial of his motion for post-conviction relief, and we now affirm.

## I.

Defendant's first contention is that he was denied his constitutional right to the effective assistance of counsel because: (1) "Sentencing under the Sex Offender's Act was a condition of the plea-bargain in the mind of the defendant"; (2) defendant's attorney failed to explain the maximum penalty for the charges to which defendant pled guilty; (3) defendant's attorney did not explain the elements of the charges; (4) defendant's attorney failed to show defendant various inculpatory exhibits; and (5) defendant's attorney did not advise the defendant prior to entering his plea that, by pleading guilty, he was waiving his right to a jury trial or to appeal. We perceive no denial of defendant's constitutional right to effective counsel on any of these grounds.

■ At a providency hearing on December 16, 1977, defendant pled guilty to first degree sexual assault (through use of a deadly weapon) and second degree assault in return for the prosecution's dismissal of an attempted first degree murder charge and its promise not to file an habitual criminal count. During this hearing, the following colloquy took place regarding the issue of sentencing:

"THE COURT: [T]he maximum and minimum penalty that can be imposed in consequence of this plea on this First Degree Sexual Assault [is] ... not less than 10 nor more than 50 years, and on the Assault charge you can receive ... a sentence of not less than two nor more than ten years, or you can receive a fine of not less than $2,000 nor more than $30,000. Do you understand that?"

"MR. HALL: Yes."

"THE COURT: You are further notified that ... [under] the Colorado Sex Offender's Act of 1968 ... in lieu of a sentence as otherwise provided by law, you may be committed to the custody of the Department of Corrections, including any penal institution under the jurisdiction of that department, for an indeterminate term having a minimum of one day and a maximum of your natural life. Do you understand that?"

"MR. HALL: Yes."

.     .     .     .     .

"THE COURT: And you understand that this Court is not bound by any representation or promises made to you by anyone concerning the penalty to be imposed or the granting or denial of probation?"

"MR. HALL: Yes."

In light of the foregoing verbal exchange, defendant's first two arguments supporting his contention of ineffective assistance of counsel are meritless.

■ The remainder of defendant's arguments in support of his first contention of error on appeal are, similarly, without merit. For, at defendant's arraignment, the court also thoroughly explained the elements of the two charges against defendant and the defendant affirmed that he was not "in any way ... confused or unable to comprehend the importance of [his] plea of guilty to these criminal offenses." The court also advised defendant that by plead-

ing guilty, he was waiving his right to trial by jury. In addition, defendant's attorney testified at the June 1983 evidentiary hearing that he had in fact discussed with defendant, prior to defendant's guilty plea, the evidence the People would present against defendant.

Inasmuch as the record reveals that the trial court explained and the defendant understood his right to jury trial, the charges against him, and the possible sentences to which he was subject as a result of pleading guilty to the offenses, the assistance of his trial counsel was, *ipso facto*, sufficient to meet the constitutional standard, irrespective of whether counsel independently explained these rights to defendant. *See People v. Steelman*, 200 Colo. 177, 613 P.2d 334 (1980).

■ Neither Crim.P. 11, nor C.A.R. 4(c)(1)(II)(A), nor any other statute or rule of procedure require the trial court to advise defendant *at the time of entering his plea* of his right to appeal. *Cf. People v. Boivin*, 632 P.2d 1038 (Colo.App.1981). Rather, Crim.P. 32(c) states:

> "*Except in cases where judgment of conviction has been entered following a plea of guilty* or nolo contendere, the court shall, after passing sentence, inform the defendant of his right to seek review of his conviction." (emphasis added)

This is a case in which judgment has been entered following a plea of guilty. Therefore, the trial court had no duty to inform defendant, either before or after his plea, of any rights he may have to seek review of his conviction.

## II.

Defendant's second contention is that his guilty plea was "not entered knowingly and voluntarily" because, he claims, he is a suicidal, paranoid schizophrenic who was, during the autumn of 1977, under the influence of the psychotropic drug thorazine. We disagree.

Defendant's contention in this regard invites a discussion of two issues: first, whether he was competent to enter a plea, and second, whether he entered it "knowingly and intelligently."

■ A defendant is "incompetent" only if he is "suffering from a mental disease or defect *which renders him incapable* of understanding the nature and course of the proceedings against him or of participating or assisting in his defense or cooperating with defense counsel." Section 16–8–102(3), C.R.S. (1978 Repl.Vol. 8) (emphasis added). Here, defendant does not contend that he was under the influence of any drug, including thorazine, *at the time of his plea*. Indeed, during his December 1977 providency hearing, he specifically denied being under the influence of alcohol or any drugs. And, at his Crim.P. 35(c) hearing, the trial court found that the defendant was not being pharmacologically treated at the time of his plea.

Furthermore, although defendant was, according to psychiatric reports, certainly "emotionally disturbed," "violent," and "neurotic," he was, nevertheless, of average intelligence and the record reveals no mental infirmity that would negate his ability to understand the nature of the proceedings against him at the time of his plea. Rather, the defendant's letter to the trial judge of December 4, 1977, just prior to his guilty plea, reflects a coherent, reasoning state of mind on the part of the defendant, as well as his awareness of the various sentencing alternatives open to the court in this case.

Hence, we agree with the trial court that defendant was at least *competent* to enter his plea of guilty, and turn to the issue of whether defendant knowingly and intelligently entered his plea. We again agree with the trial court that he did so enter his plea.

■ The appropriate standard by which the voluntariness and intelligence of a guilty plea is measured was set forth in *Bresnahan v. People*, 175 Colo. 286, 487 P.2d 551 (1971):

> "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments

made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats ... misrepresentation ... or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.*, bribes).

"[T]he record before us also supports the conclusion that [defendant's] plea was intelligently made. He was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties....

"[T]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to the later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the state's case or the likely penalties attached to alternative courses of action...."

Here, the record of the Crim.P. 11 and Crim.P. 35 hearings fully support the trial court's finding that defendant, although disappointed with his sentence, understood and freely entered into his plea of guilty. Therefore, the trial court was correct in denying defendant's post-conviction relief under Crim.P. 35(c).

Order affirmed.

PIERCE and STERNBERG, JJ., concur.