**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Steven HOUCKS, Defendant–Appellant.**

**No. 00CA1906.**

Colorado Court of Appeals,
Div. V.

June 5, 2003.

Rehearing Denied July 17, 2003.

Ken Salazar, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Jane Hazen, Jane Hazen, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Steven Houcks, appeals the sentence imposed upon his conviction for second degree aggravated motor vehicle theft. We vacate the sentence and remand for re-sentencing.

On January 10, 2000, a police officer approached a car parked, with its engine running, beside a closed convenience store. While the officer was running a computer check on the information he had obtained from the man in the car, the man sped off, eluding the police officers who pursued him. It was subsequently determined that the car was stolen.

Defendant was arrested the following day based on a description aired by the police and was charged with first degree aggravated motor vehicle theft and vehicular eluding. At trial, the jury was also instructed at defendant's request on the lesser included offense of second degree aggravated motor vehicle theft. Defendant was acquitted of the charged offenses and convicted of the lesser included offense.

The parties and the trial court agreed after receiving the jury verdict that the offense of which defendant was convicted was a class two misdemeanor. At the sentencing hearing, however, the district attorney took the position that, under the statute defining aggravated motor vehicle theft, defendant's offense was a class five felony because he had twice previously been convicted of offenses involving theft of a motor vehicle. Defendant objected based on lack of notice, and the court continued the sentencing hearing for one week.

At the continued hearing, defendant again objected to felony sentencing. He pointed out that the second of the two prior offenses on which the prosecution was relying was committed in December 1999, three weeks before the offense at issue here, but that he did not plead guilty to that offense until June 2000. Thus, defendant argued, the statutory provision making second degree aggravated motor vehicle theft a felony was inapplicable because he had not in fact been twice convicted of a motor vehicle theft offense before he committed the offense for which he was being sentenced.

The trial court disagreed and imposed the maximum presumptive range sentence for a class five felony.

 On appeal, defendant argues that the trial court erred in sentencing him for a felony rather than a misdemeanor. According to defendant, the plain language of the applicable statute makes his offense a felony only if "committed by a person who has been twice previously convicted" and thus requires that both prior convictions have entered before commission of the presently charged offense. The People respond that, because both prior offenses were committed before the instant offense and both convictions entered before defendant's July 2000 trial in this case, defendant was in fact "twice previously convicted" and felony sentencing was proper. We agree with defendant.

 Our goal in construing any statute is to ascertain and give effect to the intent of the General Assembly. To determine that intent, we look first to the language of the statute itself, giving the words and phrases their plain and ordinary meaning. When the statutory language is clear and unambiguous, it must be interpreted as written. *People v. Zapotocky*, 869 P.2d 1234 (Colo.1994); *People v. Trujillo*, 983 P.2d 124 (Colo.App.1999).

The version of the aggravated motor vehicle theft statute applicable to offenses committed in January 2000 provided, as relevant here:

> Aggravated motor vehicle theft in the second degree is a class 2 misdemeanor but is a class 5 felony *if committed by a person who has been twice previously convicted* or adjudicated of charges separately brought and tried either in this state or elsewhere *of an offense involving theft of a motor vehicle* . . . .

Colo. Sess. Laws 1995, ch. 240, § 18–4–409(4) at 1253 (emphasis added). The statute has since been amended to replace the "previously convicted" enhancer with an enhancer based on the value of the vehicle. *See* § 18–4–409(4), C.R.S.2002.

The statutory language is unambiguous. It makes defendant's offense a felony "if committed by a person who has been twice previously convicted" of an offense involving theft of a motor vehicle. By its plain terms, this phrase requires that the offender have been convicted of the other offenses prior to his or her commission of the instant offense. Had the statute made second degree aggravated motor vehicle theft a felony "if committed by a person who has twice previously *committed*" an offense involving theft of a motor vehicle, it would support sentencing defendant for a class five felony; but the statute does not so state.

The distinction we draw here is reflected in two Colorado Supreme Court cases construing other criminal statutes.

In *People v. Nees,* 200 Colo. 392, 615 P.2d 690 (1980), the supreme court interpreted language in the habitual criminal statute providing that every person convicted of a felony "who, within ten years of the date of the commission of the said offense, has been twice previously convicted [of a felony]" shall be adjudged a habitual criminal. Section 18–1.3–801(1.5), C.R.S.2002. The court interpreted the phrase "twice previously convicted" to refer back to "commission of said offense" and held that convictions sustained after the commission of the subject crime could not be the basis for habitual criminal counts. In so concluding, the court noted the "general rule ... that penalty enhancement statutes for repeat offenders apply only if the presently charged offense was committed after there had been a conviction of any offenses sought to be used as a basis for the penalty enhancement." *People v. Nees, supra,* 200 Colo. at 396, 615 P.2d at 693; *see also People ex rel. VanMeveren v. District Court,* 643 P.2d 37 (Colo.1982)(determinative consideration under habitual criminal statute is whether judgments of conviction on prior felonies had been entered prior to commission of substantive offense charged in pending case).

In *People v. Trujillo,* 631 P.2d 146 (Colo. 1981), the statute under consideration provided that a person who had "been previously convicted of a felony ... based upon an offense which occurred within five years prior to the date of the offense for which he is being sentenced, shall not be eligible for an indeterminate sentence." *See* Colo. Sess. Laws 1976, ch. 93, § 16–11–101(1)(d) at 546. The supreme court rejected the defendant's argument, based on *People v. Nees, supra,* that the statute should be read to require conviction for the first offense before commission of the second offense. In so doing, the court distinguished *Nees* based on the differences in the language of the two statutes:

> The wording of section 16–13–101 [now § 18–1.3–801(1.5) ] ties prior felony "convictions" to habitual criminal liability. By comparison, section 16–11–101(1)(d) provides that as long as the first offense occurs before the second offense, the trial court has no jurisdiction to enter an inde-

terminate sentence for the second offense if the defendant had been convicted of the first offense when the sentence for the second offense is imposed. Clearly expressed legislative intent must be given effect.

*People v. Trujillo, supra,* 631 P.2d at 148.

Here, the clearly expressed legislative intent underlying the statute at issue is that second degree aggravated motor vehicle theft is a felony only if the person committing it had, at the time the offense was committed, been twice previously convicted of an offense involving theft of a motor vehicle.

It is undisputed that defendant had not been twice previously convicted of an offense involving motor vehicle theft when he committed the offense for which he was sentenced in this case. Accordingly, that offense was a class two misdemeanor, not a class five felony, and defendant should have been sentenced accordingly.

In light of our resolution of this issue, we do not reach defendant's remaining contentions.

The sentence is vacated, and the case is remanded with directions to resentence defendant for a class two misdemeanor and to amend the mittimus to so reflect.

Judge ROTHENBERG and Judge CARPARELLI, concur.