## No. 27879

### The People of the State of Colorado v. Robert Vincent Smith
(579 P.2d 1129)

Decided May 22, 1978.                    Rehearing denied June 26, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Linda Palmieri Rigsby, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Robert M. Elliott, Deputy, David L. Quicksall, Deputy, Patrick J. Canty, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The appellant, Robert Vincent Smith, appeals the denial of his Crim. P. 35(a) motion to correct an allegedly illegal sentence. We affirm.

On April 8, 1977, the trial court received details of a plea bargain struck between the district attorney and appellant. In exchange for appellant's guilty plea to a charge of first-degree forgery, the People agreed to dismiss the second count of the information (criminal possession of a forged instrument) and two other counts in another outstanding information.

The district attorney tendered to the court an authenticated copy of a former felony conviction of appellant, which conviction had occurred before the same trial judge one year earlier. The district attorney asked the court to advise appellant that, pursuant to section 16-11-101(1)(d), C.R.S. 1973 (1976 Supp.),[1] his prior felony conviction could affect his sentence. Appellant, who was represented by counsel, admitted the prior felony conviction but contended that section 16-11-101(1)(d) could not be employed by the

---

[1] The statute states in pertinent part:
"(1) Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence:

. . . .

"(d) A person who has been previously convicted of a felony in this state or in another jurisdiction, based upon an offense which occurred within five years prior to the date of the offense for which he is being sentenced, shall not be eligible for an indeterminate sentence, notwithstanding the institution to which he is sentenced . . . if a class 4 felony, the authorized minimum sentence shall be not less than two years imprisonment. . . ."

judge in imposing sentence in the absence of a specific count in the information charging the prior conviction. The judge complied with Crim. P. 11(b), satisfying himself that appellant had been advised of all his rights and was aware of the consequences of his plea. He accepted the plea and continued the matter for presentence investigation and sentencing.

The presentence investigation report substantiated the fact that appellant was subject to the terms of section 16-11-101(1)(d). At the sentencing hearing, the defendant reiterated his contention that section 16-11-101(1)(d) should not apply. The trial judge offered to permit appellant to withdraw his plea and proceed on the original charges, but he refused to grant appellant an indeterminate sentence. He gave appellant an opportunity for allocution, which appellant declined. Pursuant to section 16-11-101(1)(d), the court sentenced appellant to a term of not less than five years nor more than seven years at the Colorado State Reformatory. Appellant's Crim. P. 35(a) motion was denied, and this appeal followed.

Appellant contends that section 16-11-101(1)(d) is a punishment enhancer and, as such, is unconstitutional because it denies him due process of law. He argues that the constitutional defect is caused by the lack of such procedural safeguards as the right to a notice of the charge, the right to confront accusers and the right to have a jury determine his status as a repeat offender. In effect, appellant urges that, in order to cure these omissions, we superimpose on section 16-11-101(1)(d) the procedures required by the Colorado Habitual Criminal Act. *See* section 16-13-103, C.R.S. 1973. We are not persuaded by appellant's argument.

■ Section 16-11-101(1)(d) is not a punishment enhancer because it authorizes minimum and determinate sentencing. Since the statutory limitation on a sentence for first-degree forgery, a class 4 felony,[2] is one day to ten years[3] and appellant's sentence was from five to seven years, his sentence was not enhanced by application of section 16-11-101(1)(d). The statute merely forbids an *indeterminate* sentence to a defendant with a prior felony conviction. The habitual criminal statutes, on the other hand, do enhance the minimum sentence that the substantive offense would ordinarily carry.[4] The cases cited by appellant for his position that the procedures of 16-13-103 should apply are distinguishable because they concern statutes that are sentence enhancers.[5]

---

[2] Section 18-5-102(2), C.R.S. 1973.

[3] Section 18-1-105, C.R.S. 1973 (1976 Supp.).

[4] *See, e.g.,* section 16-13-101(1), C.R.S. 1973 (1976 Supp.), provides a minimum sentence of *at least* twenty-five years. Subsection (2) authorizes a life sentence regardless of the maximum penalty the most recent conviction would have carried.

[5] *See, e.g.,* section 42-4-1202(4)(a), C.R.S. 1973.

■ Section 16-11-101 was enacted to provide trial judges with alternatives in sentencing. *See also, ABA, Standards Relating to Sentencing Alternatives and Procedure* §§3.1, 3.2. The statute contains no directive requiring that procedures similar to those of the Habitual Criminal Act be followed. The General Assembly's decision to enact section 16-11-101(1)(d) without procedures similar to section 16-13-103 indicates its intent not to conform this statute to the requirements of the Habitual Criminal Act. This it had the right to do.[6] *See People v. McFadden,* 73 Mich. App. 232, 251 N.W.2d 297 (1977).

■ In reference to appellant's due process argument, inasmuch as we hold that section 16-11-101(1)(d) is not a penalty enhancing statute, the same process is not due the appellant as is required under habitual criminal proceedings. The sentencing procedure followed in this case discloses that the appellant was not denied due process.[7]

The judgment is affirmed.

MR. JUSTICE CARRIGAN concurs in the result.

MR. CHIEF JUSTICE PRINGLE does not participate

---

[6] *Compare* section 16-11-309(4), C.R.S. 1973 (1976 Supp.), which was enacted simultaneously with section 16-11-101(1)(d).

[7] Even under the habitual criminal statute, the defendant's admission of the prior felony conviction obviates the necessity of proof. *People v. Litsey,* 192 Colo. 19, 555 P.2d 974 (1976); *see also* section 16-13-102, C.R.S. 1973.