## No. 28230

### The People of the State of Colorado v. James D. Weber

(604 P.2d 30)

Decided December 17, 1979.

Alexander M. Hunter, District Attorney, C. Phillip Miller, Chief Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Richard D. Irwin, Deputy, for defendant-appellee.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

The People appeal from a judgment of the district court imposing an indeterminate four-year sentence on appellee for second-degree burglary. Section 18-4-203, C.R.S. 1973 (1978 Repl. Vol. 8). We reverse the district court.

Weber pled guilty to a charge of second-degree burglary after he had been advised of his rights as provided by Crim P. 11. At the probation hearing, the defense counsel admitted that Weber had been convicted of another felony within the previous five years. The prosecutor, noting the earlier conviction, argued that under section 16-11-101(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8),[1] Weber should be given a determinate sentence. That statute provides:

"(d)   A person who has been previously convicted of a felony in this state . . . based upon an offense which occurred within five years prior to the date of the offense for which he is being sentenced, shall not be eligible for an indeterminate sentence . . . ."

The district court concluded that the prior conviction first had to be filed and proven in the same manner as an habitual criminal count under section 16-3-102, C.R.S. 1973 (1978 Repl. Vol. 8). Since that had not been done, the court imposed an indeterminate sentence.

The People contend that the court erred in imposing an indeterminate sentence and that it is not necessary to comply with the habitual criminal act procedures[2] when determinate sentencing is required by section 16-11-101(1)(d). We agree.

This issue was decided by the court in *People v. Smith,* 195 Colo. 404, 579 P.2d 1129 (1978), announced subsequent to the district court's ruling in the instant case. In *People v. Smith, supra,* we held that section 16-11-101 "contains no directive requiring that procedures similar to those of the Habitual Criminal Act be followed."

The requirements of section 16-11-101(1)(d) are mandatory. The statute prohibits an indeterminate sentence for a defendant with a prior felony conviction within the five-year period prior to the date of the offense for which he is being sentenced. Accordingly, the district court was without authority to impose an indeterminate sentence on appellee.

---

[1] This section was amended by Colo. Sess. Laws 1977, ch. 216, 16-11-101(1)(d), at 862, effective July 1, 1978.
[2] Section 16-13-103, C.R.S. 1973 (1978 Repl. Vol. 8).

The judgment is reversed and the cause is remanded to the district court with directions to vacate the indeterminate sentence and to resentence appellee to a determinate term.