150 Ariz. 293

**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**James L. LACEY, Defendant-Appellant.**

No. 84SA527.

Supreme Court of Colorado,
En Banc.

June 23, 1986.

Rehearing Denied Aug. 25, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Michael J. Heher, Peggy O'Leary, Deputy State Public Defenders, Denver, for defendant-appellant.

ROVIRA, Justice.

The defendant, James Lacey, appeals the trial court's denial of his Crim.P. 35(a) and (b) motions to correct an illegal sentence and for reduction of sentence.[1] We affirm.

On October 19, 1982, the defendant pleaded guilty to the charge of conspiracy to commit aggravated motor vehicle theft, a class four felony.[2] At the defendant's arraignment, the court told the defendant that if it were "to find aggravation in the case, then instead of imposing a maximum sentence of four years, the court could impose a maximum sentence of eight years." Defense counsel then informed the trial court: "I have advised Mr. Lacey that since he was on probation at the time of the commission of the offense, in all likelihood, if the court were to impose a sentence, it would have to be in the aggravated range." The trial court then incor-

rectly advised the defendant that if he was on probation at the time of the underlying felony, and the court imposed a sentence, the sentence would be from two to eight years.[3]

Three months later, at sentencing, defense counsel again told the trial court that the defendant was on probation at the time he committed the offense. The presentence report also informed the trial court that the defendant had been on probation for a prior felony at the time he conspired to commit aggravated motor vehicle theft. Pursuant to section 18–1–105(9)(a)(III), 8 C.R.S. (1985 Supp.), the court then imposed a sentence in the aggravated range of four years and one day plus one year of probation. Subsequently, the defendant moved for correction of illegal sentence and for reduction of sentence. Both motions were denied. On appeal, the defendant alleges that section 18–1–105(9)(a)(III), 8 C.R.S. (1985 Supp.), is unconstitutional and, accordingly, seeks reconsideration and reduction of his sentence.

## I.

Defendant first argues that section 18–1–105(9)(a)(III) is facially unconstitutional because it denies him due process of law as required by the fifth and fourteenth amendments of the United States Constitution and article II, section 25, of the Colorado Constitution. Section 18–1–105(9)(a)(III) provides:

(9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice

1. This appeal was filed directly in this court pursuant to § 13–4–102(1)(b), 6 C.R.S. (1973) (constitutionality of a statute in question).

2. Section 18–2–201, 8 C.R.S. (1978).

3. The presumptive penalty range for a class four felony committed after July 1, 1979, but before July 1, 1984, is "two to four years plus one year of parole." § 18–1–105(1)(a)(I), 8 C.R.S. (1985

Supp.). If a defendant was on probation for another felony at the time he committed the class four felony, and if the sentencing judge sentences the defendant to incarceration, the defendant must be sentenced to a term of incarceration greater than four years but no more than eight years. § 18–1–105(9)(a)(III), 8 C.R.S. (1985 Supp.).

the maximum term authorized in the presumptive range for the punishment of a felony:

. . . .

(III) The defendant was on probation for another felony at the time of the commission of the felony.

The defendant maintains that the statute violates due process because it does not require: (1) notice in the information that the defendant is subject to enhanced sentencing; and (2) proof beyond a reasonable doubt that the defendant was on probation for a felony when he committed the substantive felony.

■ As a threshold matter, we agree with the defendant that section 18–1–105(9)(a)(III) is a sentence enhancement statute. In *People v. Smith*, 195 Colo. 404, 406, 579 P.2d 1129, 1130 (1978), this court stated that a punishment enhancer is a statute which enhances the minimum sentence that the substantive offense would ordinarily carry. *See also People v. Haymaker*, 716 P.2d 110, 117 n. 10 (Colo.1986). Here, because the defendant was on probation, section 18–1–105(9)(a)(III) operated to enhance the minimum sentence for the class four felony from two years to beyond four years. We conclude, therefore, that section 18–1–105(9)(a)(III) is a sentence enhancer.

■ We also agree with the defendant that certain procedural safeguards must attach to sentence enhancement statutes. *See, e.g., People v. Chavez*, 621 P.2d 1362 (Colo.), *cert. denied*, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981). However, we do not believe that the statute itself must contain provisions relating to notice and proof of prior probationary status. While we agree that a defendant subject to section 18–1–105(9)(a)(III) is entitled to notice that he is subject to enhanced punishment, and that, where the defendant contests his probationary status, the prosecution has the burden of proving the defendant's probationary status, we do not believe that the statute itself is invalid for failing to set forth such provisions.

In *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Supreme Court construed the West Virginia habitual criminal statute and held that "a defendant must receive *reasonable notice* and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense." 368 U.S. at 452, 82 S.Ct. at 504 (emphasis added); *see also Specht v. Patterson*, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967). The defendant has not cited any convincing authority for the proposition that procedural due process requires that the sentence enhancing statute itself contain a notice provision, and we refuse to adopt such a requirement. Rather, we hold that the defendant is entitled to reasonable notice that he is subject to enhanced sentencing under section 18–1–105(9)(a)(III).

■ Here, the defendant had reasonable notice that he was subject to enhanced punishment under the statute. The record reflects that the defendant was present at arraignment when defense counsel informed the court that the defendant was on probation at the time he committed the felony and, in all likelihood, would be subject to enhanced sentencing. Prior to sentencing, the defendant was again told by the court that he was subject to incarceration for a term of up to eight years. In short, under the circumstances presented here, we conclude that the defendant was adequately apprised that he was subject to an enhanced sentence.

■ Similarly, we reject the defendant's argument that the statute is constitutionally defective because it does not expressly provide that the prosecutor must prove the probationary status beyond a reasonable doubt. The prosecution's burden of proving probationary status arises only when the defendant contests his alleged probationary status. Here, allegations of the defendant's probationary status were made in the pretrial release service report, at arraignment, in the presentence report, and at the sentencing hearing; yet, at no point in the proceedings has the defendant con-

tested his alleged status as a probationer. Nor can it be said that the defendant stood silent when confronted with the likelihood of receiving a sentence in the aggravated range. Defendant's attorney, with defendant at his side, twice admitted to the trial court that the defendant was on probation at the time of the substantive offense. Under these circumstances, we refuse to require the prosecutor to prove the defendant's status as a probationer. However, where the defendant does contest his alleged status as a probationer, the applicable burden on the People of proving that the defendant was on probation for a felony conviction is by a preponderance of the evidence. *Cf.* § 16–11–206(3), 8 C.R.S. (1985 Supp.) (At probation revocation hearing, prosecution has burden of showing violation of a condition of probation by a preponderance of the evidence); § 16–7–403(2), 8 C.R.S. (1985 Supp.) (At deferred sentence revocation hearing, prosecution has burden of showing the breach of a condition of deferred sentence by a preponderance of the evidence).

In sum, section 18–1–105(9)(a)(III) is not violative of due process under either the Colorado or United States Constitution for failing to require that the prosecution prove defendant's probationary status beyond a reasonable doubt. When the defendant contests the asserted probationary status, the prosecution has the burden of proving that fact by a preponderance of the evidence.

## II.

Defendant next argues that the statute is facially unconstitutional because it denies him equal protection as required under the fourteenth amendment of the United States Constitution and article II, section 25, of the Colorado Constitution. Specifically, he argues that because section 18–1–105(9)(a)(III) does not have the built-in procedural safeguards that are available in other sentence enhancement statutes, it creates an arbitrary classification and is therefore violative of the equal protection clause. We disagree.

We initially note the familiar principles that a statute is presumed to be constitutional, *e.g., People v. Gutierrez,* 622 P.2d 547, 555 (Colo.1981); *People v. Edmonds,* 195 Colo. 358, 578 P.2d 655 (1978), and that the defendant has the burden of establishing the unconstitutionality of the statute beyond a reasonable doubt, *e.g., Gutierrez,* 622 P.2d at 555. In evaluating defendant's equal protection challenge, we are also guided by our previous decisions construing sentence enhancement statutes in which we have rejected equal protection challenges. *See, e.g., People v. Haymaker,* 716 P.2d 110 (Colo.1986) (upholding § 18–1–105(9)(a)(I), 8 C.R.S. (1985 Supp.)); *Gutierrez* (upholding habitual criminal statute, § 16–13–101(2), 8 C.R.S. (1978)); *People v. Eggers,* 196 Colo. 349, 585 P.2d 284 (1978) (upholding crime of violence statute, § 16–11–309, 8 C.R.S. (1973)).

■ As we stated in Part I above, a defendant subject to enhanced sentencing under section 18–1–105(9)(a)(III) has a right, at least, to reasonable notice and to have the prosecution prove the asserted probationary status by a preponderance of the evidence, if the defendant contests such status. These rights exist independently of the statute. Therefore, we do not believe that defendants sentenced under section 18–1–105(9)(a)(III) are treated differently in any significant constitutional respect from defendants sentenced under other sentence enhancement statutes. *See People v. Childs,* 199 Colo. 436, 438, 610 P.2d 101, 102 (1980) ("The right to equal protection of the law guarantees only that all parties who are similarly situated receive like treatment by the law.").

■ Defendant also asserts that the Colorado legislature cannot require "automatic sentencing" in the aggravated range because of a defendant's probationary status. The argument is without merit. Section 18–1–105(9)(a) does not mandate the sentencing court to sentence in the aggravated range; rather, such sentencing is required of the court only "if it sentences the defendant to incarceration."

It is the responsibility of the legislature to define crimes and prescribe punishment subject only to constitutional restrictions. Here, neither the state nor the federal constitution prohibits the legislature from requiring the sentencing court to impose an enhanced sentence on a felony probationer who commits another felony. It is well settled that:

> Where the general assembly has made a distinction between different classes of people, that distinction will be upheld provided it is neither arbitrary nor unreasonable. *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). Only in those cases where the challenged statute singles out individuals in a suspect class, such as race, or involves the exercise of a fundamental right, will this court require more than a rational basis to support the legislative classification.

*Gutierrez*, 622 P.2d at 555.

We conclude that section 18–1–105(9)(a)(III) is neither arbitrary nor unreasonable and has a rational basis. This statutory scheme addresses the problem of recidivism by subjecting felony probationers who commit another felony to possible sentencing in the aggravated range.

The United States Supreme Court has recognized that enhanced sentencing schemes are a legitimate method of dealing with the problem of recidivism. *See Spencer v. Texas*, 385 U.S. 554, 556, 87 S.Ct. 648, 649, 17 L.Ed.2d 606 (1967). In *Graham v. West Virginia*, 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912), the Court discussed the justification underlying this type of sentence:

> The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted.

This rationale applies here with equal force. By subjecting a convicted probationer to the likelihood of a prison term in the aggravated range, the general assembly has attempted to deter felony probationers from committing additional felonies. Moreover, the sentencing scheme set out in section 18–1–105(9)(a)(III) is consistent with the express purposes of the criminal code set forth in section 18–1–102.5, 8 C.R.S. (1985 Supp.):

> (a) To punish a convicted offender by assuring the imposition of the sentence he deserves in relation to the seriousness of his offense;
>
> . . . .
>
> (c) To prevent crime and promote respect for the law by providing an effective deterrent to others likely to commit similar offenses.

Finally, all persons who commit a felony while on probation for a prior felony are subject to the provisions of section 18–1–105(9)(a)(III). While it is true that the statute requires the sentencing judge to choose between probation and sentencing in the aggravated range, we see no barrier to the adoption of these sentencing alternatives by the legislature. While the statute vests the sentencing judge with wide discretion, all defendants who are sentenced under this statute are subject to the same possible range of sentences. Accordingly, we find no constitutional infirmity.

In sum, we hold that section 18–1–105(9)(a)(III) does not work a denial of equal protection.

### III.

Defendant finally argues that section 18–1–105(9)(a)(III) is unconstitutional as applied because the court incorrectly informed him during arraignment that he could be sentenced from two to eight years rather than four to eight years. The defendant alleges a violation of due process, prejudice, and reversible error. We disagree.

■ Although we agree that the trial court misstated the governing law, the misstatement did not constitute reversible error. Where an error does not affect the substantial rights of the defendant, no reversible error occurs. *People v. McKnight*,

626 P.2d 678, 683 (Colo.1981); Crim.P. 52(a). In the instant case, the misstatement involved only the minimum sentence possible. Prior to the misstatement, the court had correctly informed the defendant that upon finding aggravation it could impose a maximum sentence of eight years. Moreover, defendant's counsel initially brought the defendant's probationary status to the attention of the court and specifically stated that if a sentence was imposed it would have to be in the aggravated range. Later, at the same hearing, the defendant was advised of the possibility of an aggravated sentence because of being on probation at the time he committed the felony to which he pleaded guilty. At the sentencing hearing the defendant was given the opportunity to make a statement and heard the prosecution request that he be sentenced in the aggravated range. We conclude that the effect of the misstatement was minimal and, therefore, did not affect the substantial rights of the defendant. *See Howe v. People*, 178 Colo. 248, 255–56, 496 P.2d 1040, 1043–44 (1972).

Judgment affirmed.

QUINN, J., specially concurs.

LOHR, J., joins in that special concurrence.

QUINN, Chief Justice, specially concurring:

I join Part I of the court's opinion and specially concur in Part II. I write separately because, although I agree with the proposition that section 18–1–105(9)(a)(III), 8 C.R.S. (1985 Supp.), does not violate equal protection of the laws, I reach that result from a somewhat different analysis than that employed by the majority.

The court bases its equal protection analysis on its belief that defendants sentenced under section 18–1–105(9)(a)(III) are not treated in any significantly different constitutional respect from defendants sentenced under other sentencing enhancement statutes. Majority opinion at 114. I do not share this belief. The habitual criminal statute, for example, requires that the pri-

or convictions of an accused be set forth in separate counts of the information, be submitted to the jury in a separate bifurcated proceeding under a separate verdict, and be proven by the prosecution beyond a reasonable doubt. § 16–13–103, 8 C.R.S. (1985 Supp.). Similar charging and proof requirements are set forth in the crime of violence statute. § 16–11–309, 8 C.R.S. (1985 Supp.). These requirements, in my view, are qualitatively distinct from the procedures applicable to the usual sentencing hearing conducted pursuant to section 18–1–105. As the court notes, the only requirements for an enhanced sentencing proceeding under section 18–1–105(9)(a)(III) are that the defendant be given adequate notice of the possibility of an enhanced sentence before the sentencing hearing and that, if he elects to contest the basis on which an enhanced sentence is sought, the prosecution bear the burden of proving the aggravating factor by a preponderance of the evidence.

The fact that the legislature has chosen to impose stringent procedural requirements traditionally associated with the guilt phase of the trial on prosecutions for habitual criminality and crimes of violence, however, does not mean that it must impose identical requirements on all sentencing hearings that may result in an aggravated sentence. The legislature's decision in such matters is not offensive to equal protection of the laws as long as the statutory differences in treatment have some reasonable basis in fact and the statutory scheme under challenge bears a reasonable relationship to a legitimate governmental interest. *E.g., People v. Velasquez,* 666 P.2d 567 (Colo.1983); *People v. Taggart,* 621 P.2d 1375 (Colo.1981); *People v. Summit,* 183 Colo. 421, 517 P.2d 850 (1974).

There is a rational basis in fact for treating adjudications and sentences for habitual criminality and crimes of violence differently from the enhanced sentencing scheme applicable to one who commits a felony while on probation for another felony. The habitual criminal statute operates to increase the penalty for a felony conviction to a mandatory sentence of twenty-

five to fifty years when the jury determines that the defendant has been previously convicted of two prior felonies charged against him in the information and to increase the penalty to a mandatory life sentence when the jury determines that the defendant has been previously convicted of three felonies charged against him in the information. These increased penalties apply regardless of the particular classification and penalty otherwise applicable to the substantive crime on which the habitual criminal charges are predicated, so long as that substantive crime is a felony. It was in light of these severe sentences that the legislature obviously decided to engraft on the habitual criminal proceeding the same procedural safeguards applicable to the guilt phase of a criminal trial. *E.g., People v. District Court,* 711 P.2d 666 (Colo.1985).

In the case of the crime of violence statute, the enhanced sentence becomes applicable because of the manner in which the substantive crime itself was committed. The "crime of violence" element, in my view, amounts to the substantive equivalent of an essential ingredient of a criminal accusation, and, for this reason, the legislature has obviously determined that this form of sentencing enhancement should be proven beyond a reasonable doubt in accordance with the traditional safeguards applicable to the guilt phase of a criminal trial.

In contrast to the habitual criminal statute, the imposition of an aggravated sentence under section 18-1-105(9)(a)(III) does not necessarily result in the severe sentences applicable to a habitual criminal adjudication. Nor is the sentencing court precluded by section 18-1-105(9)(a)(III) from granting probation if the offender is otherwise eligible for probation, even if the existence of an aggravating factor is undisputed. Furthermore, in contrast to the statutory scheme for adjudicating and sentencing an offender for a crime of violence, the enhanced sentence authorized by section 18-1-105(9)(a)(III) finds its source not in the conduct of the offender during the commission of the crime on which the prosecution is based but rather on the fact that the offender was previously on probation

for another felony at the time of the crime in question. The respective differences in the statutory procedures for habitual criminality and crimes of violence, on the one hand, and the enhanced sentencing provisions applicable to an offender who is on probation at the time of the commission of another felony, on the other, are founded on reasonable differences in fact which are sufficient to withstand an equal protection challenge.

The remaining question to be answered is whether the statutory differential in treatment is reasonably related to a legitimate governmental interest. I agree with the reasoning of the majority—that is, subjecting a convicted probationer to the likelihood of a prison term in the aggravated range furthers the governmental interest of punishing an offender in a manner commensurate with the seriousness of the offense and serves as a deterrent or prevention to others likely to commit similar offenses.

For the above reasons, I am satisfied that section 18-1-105(9)(a)(III) does not violate equal protection of the laws.

I am authorized to say that LOHR, J., joins in this special concurrence.