The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Patrick MURPHY, Defendant-Appellant.

No. 85SA9.

Supreme Court of Colorado, En Banc.

July 7, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

ROVIRA, Justice.

The defendant, Patrick Murphy, appeals from a sentence imposed by the trial judge in Division 3 of the El Paso County District Court.[1]  We affirm.

On November 29, 1983, the defendant pleaded guilty to conspiracy to commit aggravated robbery, a class 4 felony.[2]  At the time of the commission of the offense, the defendant was on probation.  At the sentencing hearing, the prosecution asked the court to sentence the defendant to eight years of incarceration—the maximum period allowable under the aggravated sentencing statute.[3]  The prosecution sought this sentence, in part, because of the defendant's probationary status.  The record indicates that the defendant had been placed on two years' probation in November 1981 by the trial judge in Division 6 of the El Paso County District Court as a result of pleading guilty to a felony charge of criminal conspiracy.

The statutory basis for sentencing in the aggravated range under these circumstances is section 18–1–105(9)(a)(III), 8 C.R.S. (1985 Supp.).  That statute states:

> (9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

1. This appeal was filed directly in this court pursuant to § 13–4–102(1)(b), 6 C.R.S. (1973) (constitutionality of a statute in question).

2. Section 18–2–201, 8 C.R.S. (1978).

3. The presumptive penalty range for a class 4 felony committed after July 1, 1979, but before July 1, 1984, is "two to four years plus one year of parole."  § 18–1–105(1)(a)(I), 8 C.R.S. (1985

Supp.).  If a defendant was on probation for another felony at the time he committed the class 4 felony, and if the sentencing judge sentences the defendant to incarceration, the defendant must be sentenced to a term of incarceration greater than four years but no more than eight years. § 18–1–105(9)(a)(III), 8 C.R.S. (1985 Supp.).

. . . .

(III) The defendant was on probation for another felony at the time of the commission of the felony.

The defendant, although not denying that he was on probation, objected to sentencing under section 18–1–105(9)(a)(III). He contended that his 1981 plea was unconstitutionally obtained because it lacked a sufficient factual basis.[4] He also argued that the information did not charge him with being on probation at the time of the commission of the crime and that the People failed to prove he was on probation.

The Division 3 trial judge, after noting that the Division 6 case was still an active case, asked defense counsel whether he had challenged the 1981 plea in Division 6. In response, defense counsel stated that he had not challenged the plea in Division 6 and did not intend to do so, but would pursue it in the present proceeding. The trial court then refused to rule on the constitutionality of the 1981 plea, found that the defendant had been on probation when he committed the offense, noted that the victims of the offense had been traumatized, and sentenced the defendant to seven years of incarceration plus one year of probation.

In its subsequently issued written order, the Division 3 trial judge ruled that the defendant's proper recourse for setting aside the 1981 plea was to file a motion for post-conviction relief in Division 6. He further concluded that there was no requirement that the defendant be charged with being on probation in the information since it is not a separate offense. He also concluded that there was clear and convincing evidence that the defendant was on probation at the time he committed the offense which led to his plea of guilty on November 29, 1983.

On appeal, the defendant does not contest that part of the trial court's order dealing with the 1981 plea. He asserts only that section 18–1–105(9)(a)(III) violates due process of law as required under the Colorado and United States constitutions because "the statute does not require notice that the defendant will be sentenced to more than the presumptive sentencing range or proof that the defendant was on probation," and that the statute denies him equal protection under the law. These issues were recently decided by this court in *People v. Lacey,* —— Colo. ——, 723 P.2d 111, (Colo.1986).

In *Lacey,* we held that due process requires that the defendant receive reasonable notice that he is subject to enhanced sentencing under section 18–1–105(9)(a)(III). Here, the defendant had reasonable notice that he was subject to enhanced sentencing. The plea agreement provided that the prosecutor would drop two charges if the defendant pleaded guilty to the charge of conspiracy to commit aggravated robbery.[5] The parties also agreed that the prosecutor could seek a term of incarceration in the aggravated range. The presentence report stated that the defendant was on probation, and it recommended sentencing in the aggravated range because he committed the underlying felony while on probation. Finally, the defendant never argued that he was not on probation. These facts lead us to conclude that the defendant had reasonable notice that a likely basis for the enhanced sentence would be the fact that he was on probation at the time he committed the underlying felony; therefore, he was not denied due process for lack of notice. *See Lacey,* at ——, 723 P.2d at 113.

The defendant also argues that section 18–1–105(9)(a)(III) denies him due pro-

---

4. "A guilty plea cannot stand if it lacks a factual basis and is not voluntary and accurate." *People v. Alvarez,* 181 Colo. 213, 217, 508 P.2d 1267, 1270 (1973); *see also* Crim.P. 11(b)(6).

5. The prosecutor agreed to drop charges one and two of the information. Count one charged the defendant with aggravated robbery, § 18–4–302, 8 C.R.S. (1978). Count two charged the defendant with robbery of the elderly or handicapped, § 18–4–304, 8 C.R.S. (1985 Supp.).

cess because it does not contain a provision requiring the prosecution to prove the alleged probationary status beyond a reasonable doubt. We disagree. In *Lacey*, we rejected the defendant's argument that the statute itself must expressly provide that the prosecutor prove the probationary status beyond a reasonable doubt. Instead, we held that the prosecution must prove the defendant's probationary status by a preponderance of the evidence if the defendant contests his alleged probationary status.[6] At ——, 723 P.2d at 113. Here, the defendant does not contest the fact that he was a probationer at the time he committed the underlying felony. While he attempted to collaterally attack the validity of the 1981 plea at the sentencing hearing, he has not renewed this attack on appeal. Rather, defendant now asserts that the sentencing statute itself is violative of due process for lack of a proof provision. Accordingly, *Lacey* is dispositive of defendant's argument that section 18–1–105(9)(a)(III) is unconstitutional for lack of a provision regarding proof of probationary status.

Finally, the defendant argues that section 18–1–105(9)(a)(III) denies him equal protection under the law because it arbitrarily denies him the due process protections that are extended to other defendants under other sentence enhancement statutes. For the reasons stated in *Lacey*, at ——–——, 723 P.2d at 114–115, we reject defendant's argument. No useful purpose would be served by repeating the equal protection analysis announced in that case.

Judgment affirmed.

---

6. Four days before we decided *People v. Lacey*, —— Colo. ——, 723 P.2d 111, No. 84SA527 (Colo. June 23, 1986), the United States Supreme Court decided *McMillan v. Pennsylvania*, —— U.S. ——, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). In *McMillan*, the Court upheld the constitutionality, under the sixth amendment and the due process clause of the fourteenth amendment, of a Pennsylvania statute which provides for mandatory sentencing of at least five years if the sentencing judge finds, by a preponderance of the evidence, that the defendant visibly possessed a firearm during the commission of certain enumerated offenses. 42 Pa.Cons.Stat. § 9712 (1982). The Court rejected the petitioners' claim that due process requires "visible possession" be established by at least clear and convincing evidence. The Court stated: "[W]e have little difficulty concluding that in this case the preponderance standard satisfies due process. ... We see nothing in Pennsylvania's scheme that would warrant constitutionalizing burdens of proof at sentencing." —— U.S. at ——, 106 S.Ct. at 2419 (footnote omitted).