The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gregory C. REED, Defendant-Appellant.

No. 85SA67.

Supreme Court of Colorado,
En Banc.

Aug. 25, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Pamela Stross Kenney, Deputy State Public Defender, Denver, for defendant-appellant.

VOLLACK, Justice.

The defendant, Gregory Reed, appeals from a sentence imposed by the Denver District Court. We affirm.

I.

On April 13, 1982, Reed pleaded guilty to aggravated robbery in violation of section 18–4–302, 8 C.R.S. (1978), a class three felony. At the time of the commission of the offense, Reed was on escape status from Camp George West, which is under control of the Department of Corrections. Prior to accepting the defendant's plea of guilty, the court advised Reed that because of his escape status, it may have a duty under section 18–1–105(9)(a)(V), 8 C.R.S. (1985 Supp.),[1] to find aggravating circum-

---

1. The trial court erroneously cited the escape status provision as section 18–1–105(*8*)(a)(V), 8 C.R.S. (1985 Supp.), rather than the correct citation of section 18–1–105(*9*)(a)(V), 8 C.R.S. (1985

Supp.). Subpart 8 of that statute was repealed in 1982. Because the defendant acknowledged that he understood he would be subject to sentencing in the aggravated range if he were on

stances which would mandate that the court sentence Reed outside the presumptive range but no more than twice the maximum presumptive range. Reed admitted to the factual basis for the aggravated robbery. The presentence report was incorporated into the factual basis. The report clearly states that Reed was on escape status when he was arrested for the aggravated robbery offense. Reed also stated that he understood his sentence would be aggravated because of his escape status. After Reed pleaded guilty to the crime of aggravated robbery, the court sentenced him to nine years with the Colorado Department of Corrections, one year beyond the maximum presumptive range of eight years.

Reed appeals his sentence in the aggravated range, claiming that section 18–1–105(9)(a)(V) violates his due process and equal protection guarantees. We disagree.

## II.

The statutory basis for sentencing in the aggravated range under these circumstances is section 18–1–105(9)(a)(V), 8 C.R.S. (1985 Supp.). That statute states in pertinent part:

> (9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:
>
> ....
>
> (V) The defendant was under confinement, in prison, or in any correctional institution within the state as a convicted felon, or an escapee from any correctional institution within the state for another felony at the time of the commission of the felony.

Reed first contends that section 18–1–105(9)(a)(V) violates due process of law because it does not require the prosecution to plead or prove that the defendant was on escape status at the time of the commission of the present offense as a predicate for sentencing under the statute. Reed also contends that section 18–1–105(9)(a)(V) denies him equal protection under the law because it arbitrarily denies him the due process protections extended to other defendants under other sentence enhancement statutes. We recently decided these issues in *People v. Lacey,* 723 P.2d 111 (Colo.1986); *see People v. Murphy,* 722 P.2d 407 (Colo.1986).

In *Lacey,* we held that due process requires that the defendant receive reasonable notice that he is subject to enhanced sentencing under section 18–1–105(9)(a)(III). We also held that if the defendant contests his alleged status as a probationer, the People must establish by a preponderance of the evidence that the defendant was on probation at the time of his offense. Here, the presentence report, which stated that Reed was on escape status at the time of the offense, was incorporated into the factual basis. The trial court also informed Reed that if he were on escape status at the time of his aggravated robbery, it would have to sentence him in the aggravated range. Reed stated that he understood, and he did not contest his alleged escape status. *Lacey* involved the probationary status, under subpart III of section 18–1–105(9)(a), of a defendant who commits another felony. Here, the statutory provision in question involves the defendant's escape status under subpart V of section 18–1–105(9)(a). We see no reason why subpart V of section 18–1–105(9)(a) should be treated any differently than subpart III (*see Lacey* and *Murphy*) for purposes of due process guarantees. Under all subparts of section 18–1–105(9)(a), 8

escape status at the time of the aggravated robbery, we believe the trial court's error was harmless.

C.R.S. (1985 Supp.),[2] we hold that the defendant is entitled to reasonable notice that he is subject to enhanced sentencing. We believe Reed was given reasonable notice that he was subject to enhanced punishment under the statute. Because he did not contest his alleged escape status, the prosecution was under no burden to prove that fact by a preponderance of the evidence.

Reed also contends that section 18-1-105(9)(a)(V) denies him equal protection under the law because it arbitrarily denies him the procedural protections extended to other defendants under other sentence enhancement statutes. We disagree. Our decisions in *Lacey* and *Murphy* are dispositive of this issue. Section 18-1-105(9)(a)(V) is neither arbitrary nor unreasonable and has a rational basis. This statutory scheme addresses the problem of recidivism by subjecting felons on escape status who commit another felony to sentencing in the aggravated range.

Judgment affirmed.

2. Except that under section 18-1-105(9)(a)(I) (conviction of a crime of violence), an indictment or information shall so allege in a separate count in accordance with section 16-11-309(4), 8 C.R.S. (1985 Supp.).