The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Ralph SIMMONS, Defendant-Appellant.

No. 85SA102.

Supreme Court of Colorado,
En Banc.

Sept. 2, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Philip Cherner, Deputy State Public Defender, Denver, for defendant-appellant.

VOLLACK, Justice.

Defendant Ralph Simmons appeals from the denial of his motion for correction of illegal sentence.[1] He contends his sentence under section 18–1–105(9)(a)(IV), 8 C.R.S. (1985 Supp.),[2] which requires a sentence in the aggravated range if the offender was on bond for a previous felony at the time of the offense and was subsequently convicted of that previous felony, denied him equal protection of the law and due process of the law. We disagree and affirm.

On December 2, 1982, the defendant pled guilty to second degree burglary,[3] a class three felony, and theft,[4] a class four felony. At the providency hearing, defense counsel informed the court that defendant was on bond at the time of the commission of the offenses. The court then advised the defendant that any sentence imposed would have to be in the aggravated range because he was on bond at the time of the commission of these crimes. On December 30, 1982, defendant was sentenced to ten years on the second degree burglary charge and six years on the theft charge. The sentences were to run concurrently, but were consecutive to a sentence previously imposed. Both sentences were in the aggravated range because defendant was on bond when he committed the crimes and was subsequently convicted of that previous felony.

On September 6, 1983, defendant's motion to correct illegal sentence was denied. He alleged section 18–1–105(9)(a)(IV) was unconstitutional because it permitted enhanced punishment without notice and without an opportunity for a hearing. Further, he argued the statute was constitutionally infirm because it differentiated, with no rational basis, as to the treatment afforded to offenders who are sentenced in the extraordinary range pursuant to section 18–1–105(9)(a)(I), 8 C.R.S. (1985

---

1. This appeal was filed directly in this court pursuant to section 13–4–102(1)(b), 6 C.R.S. (1973) (constitutionality of a statute in question).

2. Section 18–1–105(9)(a)(IV), 8 C.R.S. (1985 Supp.), provides:
    (9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony.
    . . . .
    (IV) The defendant was charged with or was on bond for a previous felony at the time of the commission of the felony, for which previous felony the defendant was subsequently convicted.

3. Section 18–4–203, 8 C.R.S. (1978).

4. Section 18–4–401, 8 C.R.S. (1978).

Supp.),[5] and section 16–11–309, 8 C.R.S. (1985 Supp.).[6] The trial court denied the relief he requested.

## I.

■ Initially, defendant maintains section 18–1–105(9)(a)(IV) denies equal protection of the law because it fails to afford procedural guarantees like those contained in section 18–1–105(9)(a)(I) and section 16–11–309(5).

We addressed a similar argument in *People v. Lacey*, 723 P.2d 111 (Colo.1986). *See also, People v. Murphy*, 722 P.2d 407 (Colo. 1986).

In *Lacey*, we held a defendant subject to enhanced sentencing under section 18–1–105(9)(a)(III), 8 C.R.S. (1985 Supp.), has a right to reasonable notice and to have the prosecution prove the status [7] giving rise to enhanced sentencing by a preponderance of the evidence, if the defendant contests such status. We concluded defendants sentenced under section 18–1–105(9)(a)(III) are not treated differently in any significant constitutional respect from defendants sentenced under other sentence enhancement statutes. 723 P.2d at 114.

We believe the reasoning expressed in *Lacey* to be equally applicable in this case. Section 18–1–105(9)(a)(IV) has a rational basis in that it addresses the problem of recidivism by subjecting those persons who are on bond and subsequently convicted of a felony to sentencing in the aggravated range. The deterrent effect of enhanced

sentences is hoped to have an effect on recidivism.

Here, the need for the procedural safeguards argued for by defendant does not exist as it does in cases involving crimes of violence. Whether or not a deadly weapon was used in the commission of an offense involves more complicated factual issues than the determination of a defendant's status at the time of the commission of an offense. Indeed, in this case the defendant never contested the fact that he was on bond at the time he committed the new crimes. Such information is usually available from court records or the presentence investigation report.

We conclude the defendant's claim of denial of equal protection lacks merit, and section 18–1–105(9)(a)(IV) is not constitutionally infirm on that basis.

## II.

■ Defendant next contends his sentence in the aggravated range violates his constitutional right to due process of the law. He contends that a conviction pursuant to a sentence enhancing statute requires a jury determination that the sentencing enhancement factors exist.

We agree that section 18–1–105(9)(a)(IV) is a sentence enhancement statute. *People v. Lacey*, 723 P.2d at 112; *People v. Smith*, 195 Colo. 404, 406, 579 P.2d 1129, 1130 (1978). Again, in *Lacey*, 723 P.2d at 113, we held a defendant subject to sentence enhancement under section 18–1–105(9)(a)(III) is entitled to reasonable notice that he is subject to en-

---

**5.** Section 18–1–105(9)(a)(I) requires the court to sentence in the aggravated range if the defendant is convicted of a crime of violence under section 16–11–309, 8 C.R.S. (1985 Supp.).

**6.** Section 16–11–309 mandates sentencing in the aggravated range if a person is convicted of a crime of violence as defined in subsection

(2)(a)(I) or (2)(a)(II) of this statute. Subsection (5) requires a specific finding as to whether a deadly weapon was used or possessed during the commission of the crime.

**7.** In *Lacey*, the defendant was on probation at the time of the commission of the offense.

hanced punishment, and entitled to have the prosecution prove his probationary status by a preponderance of the evidence, if such fact is contested. Here, the record reflects the defendant was made aware at the time of his guilty plea of the possible application of the statute to enhance any sentence which could be imposed. We consider this to be reasonable notice which complies with the requirements of due process. Further, we conclude the court is well equipped to make the factual determination involved in deciding whether the statute potentially applies to enhance the defendant's sentence. *See generally* *McMillan v. Pennsylvania,* — U.S. —, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). The constitutional analysis contained in *Lacey* applies with equal force in this case, and we conclude section 18–1–105(9)(a)(IV) is not violative of due process under the Colorado constitution.

Judgment affirmed.