The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Donald Lee ANDERSON,
Defendant–Appellant.

No. 87CA1398.

Colorado Court of Appeals,
Div. II.

June 1, 1989.

Rehearing Denied July 6, 1989.

Certiorari Denied Dec. 18, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge SMITH.

The defendant, Donald Lee Anderson, appeals from imposition of a sentence in the aggravated range which followed his conviction for the unlawful distribution, manufacturing, dispensing, sale, and possession of a controlled substance. We affirm.

Section 18–1–105(9)(a), C.R.S. (1986 Repl. Vol. 8B) authorized the enhanced sentence. That section provides as follows:

"The presence of any one or more of the following extraordinary aggravated circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

. . . .

(IV) The defendant was charged with or was on bond for a previous felony at the time of the commission of the felony, for which previous felony the defendant was subsequently convicted."

In January 1986, the defendant was indicted by a federal grand jury in Oregon for possession, with intent to distribute, of methamphetimine in that state. At the time that indictment was handed down, defendant had left Oregon and had come to Colorado.

In April 1986, defendant was arrested in Mesa County, Colorado, and was charged in the instant case with unlawful possession and sale of methamphetimine in this jurisdiction. Prior to disposition of the Colorado charge he was returned to Oregon where he was convicted and sentenced pursuant to the Oregon federal indictment. Defendant was then returned to this state to answer the Colorado charges.

In April 1987, defendant entered a plea of guilty in the district court to the Colorado drug charge. The plea agreement included a prosecution recommendation for a maximum sentence of ten years. However, based on the provisions of § 18–1–105(9)(a)(IV), C.R.S. (1986 Repl. Vol. 8B), the defendant's sentence was enhanced, and he was sentenced to 16 years and one day.

When it became apparent that his sentence would be enhanced under the statute, defendant was offered the opportunity to withdraw his guilty plea. He declined this offer. Defendant testified at the sentencing hearing that his first knowledge of the federal indictment came after he had been arrested in Colorado.

I.

The defendant contends that § 18–1–105(9)(a)(IV) must be construed to require knowledge or notice of the prior felony charge before an offender's sentence may be enhanced. We disagree.

A.

First, the defendant argues that applying the provisions of § 18–1–105(9)(a)(IV) when he was unaware of the Oregon indictment at the time he committed the Colorado offense violates equal protection of the law.

The right to equal protection of the law guarantees only that all parties who are similarly situated receive like treatment by

the law. *People v. Childs*, 199 Colo. 436, 610 P.2d 101 (1980). Under § 18–1–105(9)(a)(IV), *all* offenders who are charged with (or are on bond for) a previous felony at the time of the commission of another felony and who are subsequently convicted of the previous felony become subject to the sentence enhancement provisions of the statute. Accordingly, defendant is treated the same as all others who satisfy the two requirements of the statute.

■ When the General Assembly makes a distinction between different classes of people, that distinction will be upheld as long as it is neither arbitrary nor unreasonable. *People v. Childs, supra.* The statute at issue defines those persons subject to the enhanced sentence solely on the basis of status at the time of the commission of the offense at issue, irrespective of their knowledge of any other charges. The use of this criterion in defining the class is consistent with the general sentencing scheme of the criminal code and applies equally to all defendants similarly situated. Thus, we hold that the classification is reasonable and that defendant has not been denied equal protection of the law.

### B.

Second, the defendant argues that application of § 18–1–105(9)(a)(IV) denies his constitutional right to due process of law. He asserts that due process requires that an offender have knowledge that he will be subject to an enhanced sentence prior to his commission of a subsequent offense for which an enhanced sentence is sought and imposed. We disagree.

■ Due process indeed does require that a defendant who is subject to a sentence enhancement statute is entitled to reasonable notice of the enhanced punishment. *People v. Lacey*, 723 P.2d 111 (Colo. 1986). However, this due process requirement is fulfilled if a defendant is made aware immediately prior to his guilty plea of the statutory sentencing provisions. *People v. Simmons*, 723 P.2d 1350 (Colo. 1986).

■ The *Simmons* principle is dispositive here. Although defendant's guilty plea had already been entered, he was given an opportunity to withdraw such plea upon receiving notice that he was subject to an enhanced sentence under this statute. He declined such offer after having been advised that his sentence would possibly be enhanced under the section. Thus, defendant was given reasonable notice, and there was no violation of his right to due process.

### C.

■ Finally, the defendant argues that rules of statutory construction compel us to construe § 18–1–105(9)(a)(IV) to require proof that a defendant had notice or knowledge of a pending charge when he committed the offense at issue before it can be applied to enhance his sentence. This argument is without merit.

The thrust of defendant's argument is that the sole purpose of this sentence enhancement section and, indeed, of the criminal code, is crime deterrence. He argues, therefore, that unless an individual knows that criminal charges are pending against him, he will not be deterred by this section from committing a subsequent crime. Thus, he asserts that his prior *knowledge* of pending charges must be read into the statute as a condition of sentence enhancement.

Defendant's argument here ignores the fact that this statute requires not only an existing criminal charge but also a conviction on that charge before enhancement can occur. If conviction on the prior pending charge occurs, we must assume that defendant *knew* he had committed that crime at the time he committed the subsequent one. Thus, his only lack of knowledge was of the fact that he had been "caught." This lack of knowledge is hardly one which we believe the General Assembly intended to be a bar to enhanced punishment.

One of the basic purposes of the enhanced sentencing statute is to increase punishment because the defendant has

shown a propensity toward repeated criminal acts. *See Gimmy v. People*, 645 P.2d 262 (Colo.1982). Thus, absent a clear statement that the General Assembly intended to require the offender to have notice of the previous felony charge before his sentence could be enhanced under § 18–1–105(9)(a)(IV), we will not impose such a condition.

The sentence is affirmed.

STERNBERG and FISCHBACH, JJ., concur.